*709 Opinion
KINGSLEY, Acting P. J.
Plaintiffs appeal from a judgment dismissing their action for delay in bringing it to trial. We affirm.
The action was filed on January 24, 1968, alleging various acts of misconduct by defendants in connection with a loan on real property and the foreclosure of that loan. A first amended complaint was filed on March 18, 1968. Defendants filed their answer to the amended complaint on March 28, 1968. The record discloses no further activity in the trial court until November 2, 1972, when the case was called for trial.
On that date, after a conference in chambers, plaintiffs were permitted to call one witness—one of the individual plaintiffs—who testified briefly regarding her name, her husband’s name and her husband’s profession. The following proceedings followed:
“The Court: All right. The motion for mistrial will be granted. As I understand it, one of the reasons for your desire for a motion for mistrial at this time is that all parties agree that an accounting should be made and that you want additional time to have leave to make a motion to amend your complaint to ask for an accounting, and also you want to get together with the defendant Brentwood Savings & Loan, with your accountant and their accountant, and perhaps there would be a chance of settling this—at least, settling many of the issues as far as evidentiary matters are concerned, that will expedite a trial, if necessary, so it won’t take 15 days to try it.
“That’s your understanding, too, isn’t it?
“Mr. Williams: Yes, with the one qualification, your Honor, that we are not waiving our right to resist their motion for leave to amend.
“The Court: Oh, surely, I appreciate that. Without prejudice to you.
“All right. The matter will be declared a mistrial, will be put off calendar—
“Mr. Williams: Thank you very much.
“The Court: —subject to setting by the parties.
*710 “Miss Fischel: Thank you.
“Mr. Burris: Thank you.”
On April' 16, 1974, after plaintiffs had substituted their present attorneys, they filed a motion for leave to file a second amended complaint. That motion was denied without prejudice on May 14, 1974. A renewed motion for leave to file the second amended complaint was filed on May 24, .1974; that motion was denied on June 7, 1974. A second renewed motion was filed on July 11, 1974; it was denied, without prejudice, on July 26, 1974. A third renewed motion was filed on August 5, 1974; it was denied with prejudice on August 23, 1974.
Nothing further occurred until May 2, 1975, when plaintiffs filed a motion for an early trial. That matter was continued, with several additional motions, until it was finally granted on July 10, 1975. In the interim, on June 30, 1975, defendants had filed their motion to dismiss. That motion was granted on August 19, 1975; a formal dismissal followed on that same day. It is from that dismissal that plaintiffs now appeal.
Defendant’s motion to dismiss was made on the following grounds: “[F]or lack of prosecution and for failure to bring it to trial within five years after it was filed, and alternatively for failure to prosecute the action with diligence and bring it to trial within two-years after it was filed.”
The minute order granting the motion reads as follows:
“Motion to dismiss is granted. Action is dismissed as to defendants Brentwood Savings and Loan Association and First Brentwood Corporation pursuant to Sections 583(a) and 583(b) CCP.
“(The Court believes that trial was not actually entered upon within the ambit.of CCP 581(1); as an independant [sic] basis of its ruling, the Court, after considering the factors, enunciated in Rule 203.5(e), grants the motion).”[1] That minute order was interpreted by defendants, in their notice of ruling, as follows:
*711 “[T]he Court granted said motion in all things and ordered that, good cause appearing therefor, the above-entitled action should be dismissed for failure to bring it to trial within five years under the provisions of Code of Civil Procedure § 583(b), for failure to bring it to trial within two years under the provisions of Code of Civil Procedure § 583(a), and the additional ground of failure diligently to prosecute this action.”
On the facts of this case, neither subdivision (a) nor subdivision (b) of section 583 of the Code of Civil Procedure was applicable. The proceedings on November 2, 1972, brought into play the provisions of subdivision (d) of that section. Subdivision (d) provides as follows: “When in any action a trial has commenced but no judgment has been entered therein because of a mistrial or because a jury is unable to reach a decision, such action shall be dismissed on the motion of defendant after due notice to plaintiff or by the court of its own motion, unless such action is again brought to trial within three years after entry of an order by the court declaring the mistrial or disagreement by the jury, except where the parties have filed a stipulation in writing that the time may be extended.”
The record reflects that, on November 2, 1972, the trial of the case commenced. A witness was called, sworn and some testimony elicited. The court then granted a motion for mistrial; this motion was unopposed. The only qualification stated by counsel was that his lack of opposition was not to be construed as a waiver of defendants’ right to resist plaintiff’s expected motion for leave to amend the complaint.
The rule of law is clear that, in a trial before the court without a jury, the action is “brought to trial” within the meaning of Code of Civil Procedure section 583 when a witness is called, sworn, and gives some testimony. “Where the trial is before the court without a juiy, the action *712 is not ordinarily ‘brought to trial’ within the meaning of Code of Civil Procedure section 583 until at least one witness is called and gives some testimony.” (Bella Vista Dev. Co. v. Superior Court (1963) 223 Cal.App.2d 603, 608 [36 Cal.Rptr. 106].) In Kadota v. City & County of S. F. (1958) 166 Cal.App.2d 194, 195 [333 P.2d 75], this same principle is expressed in the following language: “The cases are clear that where the trial is before the court, without a juiy, the action is not ordinarily ‘brought to trial’ until at least one witness is sworn and gives some testimony.” This same view is echoed in Diverco Constructors, Inc. v. Wilstein (1970) 4 Cal.App.3d 6, 12, footnote 5 [85 Cal.Rptr. 851]: “An action tried by the court without a jury is ‘brought to trial’ under Code of Civil Procedure, section 583 if even one witness is sworn and gives any testimony. [Citations.]” (Italics added.)
The trial court, in its minute order, though not in its formal order of dismissal, stated as an independent basis of its ruling that the court considered the factors enunciated in rule 203.5(e), of the California Rules of Court. However, rule 203.5(e), can provide no independent support for the trial judge’s order of dismissal. As set forth in subdivision (a) of rule 203.5, the motion to dismiss, which is considered in rule 203.5, applies only to the procedure to be followed when a party seeks dismissal of a case pursuant to subdivision (a) of section 583 of the Code of Civil Procedure. Subdivision (e) of rule 203.5 simply sets forth the relevant factors to be considered by the trial court in ruling on a motion to dismiss made pursuant to subdivision (a) section 583 of the Code of Civil Procedure.
It follows that the dismissal order cannot be sustained on the basis of the rules cited in the trial court’s minute order, since subdivision (e) of rule 203.5 applies only to motions under subdivision (a) of section 583 and it is subdivision (d) of that section which is applicable here. Nor does subdivision (d) support the dismissal, since, under it, plaintiff had until November 2, 1975, to bring their action to trial.
However, we review the trial court’s order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record. It is long settled that a trial court has the power, unlimited by section 583, to dismiss an action where there has been inexcusable delay in bringing it to trial. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 73, pp. 2735-2736, and cases there cited.) Although subdivision (e) of rule 203.5 is not, in terms, applicable to this case, the considera *713 tions therein set forth are those that properly may guide a trial court in the exercise of its inherent power to control its calendar. The record before us shows that the exercise of that power in this case was amply warranted.
No action was taken to secure permission to file the proposed second amended complaint for 17 months after the November 2, 1972, proceedings. The attempts then begun were ineffective for reasons attributable to plaintiffs. After the attempt to secure permission to file the second amended complaint finally failed (on Aug. 23, 1974), plaintiffs waited for an additional eight and one-half months before seeking to bring the case to trial on the original pleadings. The only excuse offered by plaintiffs for those delays was that the attorney in the office of defense counsel was busy with other litigation; it was not explained why, in a large firm, some other attorney could not have given some attention to the case. In opposition to the motion for an early trial and in support of the motion to dismiss, defendants made a strong, and uncontradicted, showing of prejudice.
On the record before it, and before us, we cannot say that the trial court abused its discretion in dismissing this long pending litigation.
The judgment is affirmed.
Dunn, J., concurred.

Subdivision (e) of rule 203.5, California Rules of Court, reads as follows: “In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court’s file in the case and the affidavits and supporting data *711 submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pre-trial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court’s calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests in justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue.”