[Civ. No. 23249. Fourth Dist., Div. Two. June 13, 1980.]

DEAN RAYMOND MARTINEZ, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

976

COUNSEL

Kappos & Williams, John Kappos and Russell K. Robinson for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, John D. Conley and Randell L. Wilkinson, Deputy District Attorneys, for Real Party in Interest.

OPINION

KAUFMAN, J.—Petitioner, who is charged by indictment with several felonies, seeks to compel the Orange County Superior Court to vacate its order requiring him to elect between a motion for a preliminary hearing pursuant to *Hawkins v. Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], and motions to set aside the indict-

ment pursuant to Penal Code section 995 and *Johnson v. Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792]. We conclude that the superior court was correct in requiring petitioner to make an election of remedies. However, we shall order the issuance of a peremptory writ for the sole purpose of permitting petitioner to make a knowing and intelligent election in view of the rule we establish.

On January 3, 1980, the Orange County Grand Jury returned an indictment against petitioner and 12 others[1] charging petitioner with importation of marijuana into California (Health & Saf. Code, § 11360, subd. (a)), conspiracy to import marijuana (Pen. Code, § 182; Health & Saf. Code, § 11360, subd. (a)) and possession of marijuana for sale (Health & Saf. Code, § 11359). Petitioner was arraigned on January 18, but entered no plea at that time (see Pen. Code, § 990[2]). On or about January 30 petitioner filed motions for change of venue, to set aside the information pursuant to Penal Code section 995,[3] to set aside the indictment because of the alleged failure of the district attorney to present to the grand jury exculpatory evidence (*Johnson v. Superior Court, supra*, 15 Cal.3d 248), and for a preliminary hearing pursuant to the dictates of *Hawkins v. Superior Court, supra*, 22 Cal.3d 584. On February 8, the court denied the motion for change of venue and ruled, in effect, that petitioner was not entitled to both attack the indictment by motions to set it aside under Penal Code section 995 and the *Johnson* decision and also seek a preliminary hearing under the authority of *Hawkins* and that petitioner must elect either to attack the indictment or to require the prosecution to proceed by way of preliminary hearing per *Hawkins*.

Following the court's ruling, petitioner elected to attack the indictment by motions to set it aside under Penal Code section 995 and the *Johnson* decision.[4] Petitioner then filed in this court his petition for writ

---

[1]One of the other accuseds was Vernon Smith whose petition for writ of mandate raising the same question as is presented by this proceeding is concurrently pending before this court. (4 Civ. 23288.)

[2]Penal Code section 990 reads: "If on the arraignment, the defendant requires it, he must be allowed a reasonable time to answer, which shall be not less than one day for an offense originally triable in the superior court and not more than seven days for an offense originally triable in an inferior court."

[3]Penal Code section 995 provides in subdivisions 1 and 2 that the indictment must be set aside by the court in which the defendant is arraigned, upon his motion, where the indictment is not found, indorsed, and presented as prescribed in the Penal Code or where the defendant has been indicted without reasonable or probable cause.

[4]Codefendant Vernon Smith (see fn. 1, *ante*) who was also required to make an election of remedies, elected to require the prosecution to proceed by way of preliminary hearing in accordance with *Hawkins*.

of mandate on the ground that the trial court was without authority to require him to make an election of remedies as it did. We issued an alternative writ of mandate together with a stay order.

Petitioner's position is quite simple. He points out that a person charged by indictment is authorized by Penal Code section 995 to move to set it aside on the grounds prescribed in that section (see fn. 3, *ante*) and is authorized to move to set it aside on the ground that the district attorney failed to present exculpatory evidence to the grand jury by the Supreme Court decision in *Johnson*. He points out that by virtue of the decision of the Supreme Court in *Hawkins*, a person charged by indictment is entitled to move in timely fashion for a preliminary hearing. He contends that there is no authority for the superior court's requiring him to elect between these remedies. We do not agree.

■ It is true as petitioner points out that a person charged by indictment is entitled to move to set the indictment aside pursuant to Penal Code section 995 and pursuant to *Johnson* v. *Superior Court, supra*, 15 Cal.3d 248. It is also true that pursuant to the Supreme Court decision in *Hawkins* v. *Superior Court, supra*, 22 Cal.3d 584, a person charged by indictment may timely move for a preliminary hearing. However, there is nothing in the *Hawkins* decision indicating that those procedural rights are cumulative. On the contrary, the *Hawkins* decision rather clearly indicates that when an accused invokes his right to a preliminary hearing as established by that decision the indictment, as such, becomes *functus officio*, and the prosecution thereafter proceeds by way of complaint, preliminary hearing, and if the accused is held to answer, by information.

In holding that a person accused by indictment is entitled to a postindictment preliminary hearing, the court stated: "The appropriate remedy for the constitutionally infirm treatment of indicted defendants is not to eliminate or alter radically the general indicting function of the grand jury; indeed, that function is explicitly sanctioned in the California Constitution (art. I, §§ 14, 23) and specifically implemented by the Legislature (Pen. Code, § 888 et seq.). Until such time as the Legislature may prescribe other appropriate procedures, the remedy most consistent with the state Constitution as a whole and least intrusive on the Legislature's prerogative is simply to permit the indictment process to continue precisely as it has, but to recognize the right of indicted defendants to demand a postindictment preliminary hearing prior to or at the time of entering a plea. If the defendant makes a timely request for such a preliminary hearing, at the direction of the court the prosecuting

attorney *shall refile the indictment as a complaint, thus activating the procedures set forth in the Penal Code* (see Pen. Code, § 859 et seq.).*" (Hawkins* v. *Superior Court, supra,* 22 Cal.3d at pp. 593-594, fn. omitted; italics added.)

The hearing envisioned by the Supreme Court undoubtedly is a full-fledged adversary hearing with the full panoply of rights accorded the accused including the right to cross-examine witnesses and to present witnesses and other evidence favorable to the accused. The preliminary hearing would terminate in either the discharge of the accused or an order holding the accused to answer. (See Pen. Code, §§ 871, 872.) The only sensible procedure that could be followed if the accused were held to answer would be the filing of an information based on the evidence adduced at the preliminary hearing.[5] The indictment and the evidence presented to the grand jury would be completely supplanted by the new proceedings, and review of the question whether the accused has been committed upon probable cause would necessarily have to be determined by reference to the evidence presented at the preliminary hearing. (Cf. Pen. Code, §§ 997, 998.)

The conclusion that the postindictment preliminary hearing procedure authorized by *Hawkins* was not intended to be cumulative to the right to attack the indictment by motions under Penal Code section 995 and *Johnson* is further suggested by the basis for the *Hawkins* decision and the court's specification in *Hawkins* that the request for a postindictment preliminary hearing must be "timely." The basis for the decision was the court's conclusion that not affording to a person accused of crime by indictment the many important rights afforded to persons accused of crime by complaint and information violates constitutional guarantees of equal protection of law. (22 Cal.3d at pp. 592-593.) The right to a postindictment preliminary hearing was recognized as necessary to *equalize* treatment of persons accused of crime by indictment and information. To permit a person charged by indictment to first attack the indictment under Penal Code section 995 and *Johnson* and, if that were unsuccessful, to then request a preliminary hearing, which would surely carry with it the right to have a review for probable cause under Penal Code section 995 and pretrial appellate review under Penal Code section 999a, would place the person indicted in a more favorable position than a person accused by information. He or she would be entitled to two section 995 motions and two section 999a pretrial ap-

---

[5]At oral argument the court was informed that this is in fact the practice followed since the *Hawkins* decision.

pellate reviews, whereas a person accused by information would be entitled to only one of each.

By requiring that a request for a postindictment preliminary hearing be made "timely" and other indications in the opinion (see, e.g., 22 Cal.3d at p. 588 [immediate argument on such matters as the necessity for an early psychiatric examination or setting bail]), it is clear that the court in *Hawkins* envisioned that the request for such a preliminary hearing would be made at a very early stage of the proceedings, normally before the entry of a plea. (See 22 Cal.3d at p. 594.) Were the right to such a preliminary hearing held to be cumulative to the right to attack the indictment under Penal Code section 995 and on *Johnson* grounds, the request for a postindictment preliminary hearing could be, and usually would be, delayed many weeks or even months pending determination of those motions and interlocutory appellate review (see Pen. Code, § 999a). It is plain that no such protracted delay was contemplated by the court in *Hawkins.*

Finally, one is constrained to ask what purpose would be served by permitting first an attack upon the indictment and then, if that is unsuccessful, a postindictment preliminiary hearing. The purpose of a *Johnson* motion is to insure that exculpatory evidence known to the district attorney is presented to the grand jury. Since the accused fully participates in a preliminary hearing and is entitled to cross-examine and present witnesses and testimony, the accused will be in a position by requesting a postindictment preliminary hearing to make certain that all exculpatory evidence is presented, and no *Johnson* motion is required to insure the fairness of the determination on probable cause. Aside from insuring that the procedural technicalities have been satisfied, the substantive purpose of an attack on an indictment under Penal Code section 995 is to ascertain whether probable cause exists for the trial of the accused.[6] That, of course, is determined on the basis of the evidence presented. Once a full postindictment preliminary hearing has been held at which the evidence will inevitably be more fully developed than it was before the grand jury, it is the evidence presented at the preliminary hearing from which the determination of probable cause must be made and upon which it must be tested. Except for purposes of impeachment or possibly argument, the transcript of the evidence presented to the grand jury will have been entirely supplanted by the evidence at the preliminary hearing.

---

[6]*Lack of evidence to establish probable cause was the ground upon which the section 995 motion was made below.*

It is true no doubt that in a relatively few cases, a successful section 995 motion might terminate the prosecution and make a preliminary hearing unnecessary should the district attorney not reinstitute proceedings. Whatever economy in the utilization of judicial and litigant resources might thereby result, however, would be insignificant as compared to the duplication of effort and waste of such resources that would result from permitting two section 995 motions and two pretrial appellate reviews plus a useless *Johnson* motion and a petition for pretrial review by writ in the vastly more numerous cases in which the *Johnson* motion or the first section 995 motion will, in the ordinary course, have been denied. Thus, the principal purposes that would be served by indulging the procedure urged by petitioner would be duplication and delay without substantial benefit to accuseds.

We conclude that the trial court acted with propriety in requiring petitioner to make an election of remedies. However, so far as we are informed by the parties or are otherwise aware, the propriety of the court's requiring such an election has not heretofore been established by a decision of an appellate court in this state. Furthermore, it is quite apparent that petitioner made his election of remedies with a view to testing the propriety of the trial court's ruling by this writ proceeding. Therefore, in order that petitioner may make a knowing and intelligent election of remedies in view of this decision, and solely for that purpose, the writ shall issue.

Let a peremptory writ of mandate issue to the Orange County Superior Court commanding it to vacate its previous orders with respect to petitioner's section 995, *Johnson* and *Hawkins* motions and fixing hearing dates for petitioner's motions to set aside the indictment and setting a trial date, and further commanding it to permit petitioner to make a new election between pursuing his motions to set aside the indictment and his motion for a postindictment preliminary hearing in accordance with *Hawkins* v. *Superior Court, supra,* 22 Cal.3d 584. Should petitioner elect to seek a postindictment preliminary hearing, his request shall be deemed timely if made within 15 days after the date of issuance of the peremptory writ.

Tamura, Acting P. J., and Morris, J., concurred.