[Civ. No. 65066. Second Dist., Div. Two. Sept. 13, 1982.]

JOYCE L. YOUNG et al., Plaintiffs and Respondents, v. ROSS-LOOS MEDICAL GROUP, INC., et al., Defendants and Appellants.

**COUNSEL**

Linton, Waterhouse, Cushman & Hammond and P. Theodore Hammond for Defendants and Appellants.

Hurley & Grassini, Lawrence P. Grassini and Roland Wrinkle for Plaintiffs and Respondents.

**OPINION**

GATES, J.—The instant proceeding presents what appears to be a question of first impression in this state, i.e., "May an arbitrator by reference to Code of Civil Procedure section 583 'dismiss' a matter that has been stayed in the Superior Court pending an ordered arbitration?"

Here the underlying legal action was initiated by plaintiffs as the heirs of David C. Young in the Los Angeles Superior Court on July 21, 1975, as NWC 45612. In their complaint for wrongful death, medical malpractice, etc., plaintiffs alleged that the deceased had been driven to commit suicide by the misconduct of the defendant suppliers of medical services. On October 15, 1975, defendants answered urging the existence of an arbitration agreement. They also requested that an order staying the instant action and directing arbitration be entered. Over plaintiffs' objections, such order was made October 31, 1975.

On April 16, 1981, there issued in the arbitration proceeding a ruling that was ultimately denominated an "Order of Dismissal." It provided:

"The motion of defendants, ROSS-LOOS MEDICAL GROUP, INC., a California corporation, and MORRIS EISENBERG, M.D., for an Order dismissing the above-entitled action, as to itself, pursuant to the provisions of Section 583(b) of the Code of Civil Procedure for failing to bring the action to Trial within five (5) years, came on regularly for hearing by the neutral arbitrator on April 16, 1981.

"Upon proof made to the satisfaction of the neutral arbitrator that the motion ought to be granted, such proof consisting of the following facts: that plaintiff filed the Complaint in this action on July 24 [*sic*], 1975, that the date of this Order is more than five (5) years subsequent, that during this interval no Trial was commenced, and that the running

of the statutory period was not tolled by impossibility, impracticability or futility, or by these defendants unamenability to service of process, or by suspension of the arbitrators [*sic*] or the Court's jurisdiction.

"IT IS ADJUDGED, ORDERED AND DECREED that the motion be, and hereby is, granted, and that this action be dismissed as to defendants, ROSS-LOOS MEDICAL GROUP, INC., a California corporation, and MORRIS EISENBERG, M.D."

Plaintiffs responded by promptly filing in the superior court what they entitled a "Petition to vacate Dismissal of Superior Court action by Arbitrator and to reinstate Superior Court Proceedings." In it they urged that the arbitrator's order was improvident both factually and legally and again contended that the matter should not have been ordered to arbitration in the first instance. On July 1, 1981, the court made its ruling by a minute order which read in full, as follows: "In the matter heretofore submitted on June 4, 1981, the Court now makes it's [*sic*] ruling as follows: [¶] Motions are granted." When the court thereafter declined to reconsider its decision, defendants appealed.

■ Initially we hold this appeal to be properly before us since, regardless of the remarkable terminology utilized by all parties to these confused proceedings, (1) the arbitrator's order of April 16, 1981, was pragmatically an "award" (see Code Civ. Proc., § 1283.4), and (2) Code of Civil Procedure section 1294, provides: "An aggrieved party may appeal from: . . . (c) An order vacating an award unless a rehearing in arbitration is ordered."

Because the superior court's ruling of June 4, 1981, gave no clue as to its underlying rationale, defendants appropriately cover all the possible bases therefor.

First they correctly contend that plaintiffs' claims were properly ordered to arbitration in 1975, since the Ross-Loos Medical Group Health Plan covering Joyce Young and her family was the basis for their claims, and it contains a standard arbitration clause. (See generally, *Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699 [131 Cal.Rptr. 882, 552 P.2d 1178], and *Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606 [43 Cal.Rptr. 697, 401 P.2d 1].)

■ Secondly, defendants urge that the arbitrator's decision determining that plaintiffs take nothing by their claim since they had failed

to proceed thereon for over five years was binding upon the superior court, and even if it were not, the arbitrator's determination was correct. We agree with each proposition.

It is, of course, true that Code of Civil Procedure section 583 does not *directly* apply to a proceeding other than an action pending in the superior court. Consequently, its terms may not be there enforced by anyone other than a judge of that court. Nonetheless, it is equally settled that "the concept and limits of [that section have been imported] into the test of reasonable diligence in bringing a claim to resolution by arbitration . . . ." (*Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402, 408-409 [178 Cal.Rptr. 882]. See also *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [163 Cal.Rptr. 325].) We believe that the officer actually in charge of an arbitration proceeding is, at the very least, in as good a position to administer such test as is the judge of the superior court where proceedings have been stayed.

Despite the inappropriate and imperious language contained in the order prepared by defendants' counsel and signed by the arbitrator here, it is manifest that that officer did but determine that when gauged by the "measuring rod" provided by section 583, plaintiffs had failed to proceed with reasonable diligence. As a consequence, since the arbitrator had not "exceeded [his] powers," the trial court could "not substitute its judgment [therefor]." (*Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000]. See also *Lindholm* v. *Galvin* (1979) 95 Cal.App.3d 443, 449 et seq. [157 Cal.Rptr. 167], on the standard of judicial review of arbitration awards in general.)

In sum, the superior court action had been stayed to determine by arbitration the extent of plaintiffs' entitlement against defendants. It was the arbitrator's decision that they take nothing on their claims by reason of their dilatory prosecution. Such an order, even if regarded as in the nature of a sanction, is as much an "award" as any other final resolution of the arbitration proceeding. (Cf. Code Civ. Proc., § 1283.05, subd. (c).)[1] Absent some basis for vacating it, and none was shown

[1]Code of Civil Procedure section 1283.05, subdivision (c) provides in regard to discovery orders: "(c) The arbitrator or arbitrators may consider, determine, and make such orders imposing such terms, conditions, consequences, liabilities, sanctions, and penalties, whenever necessary or appropriate at any time or stage in the course of the arbitration, and such orders shall be as conclusive, final, and enforceable as an arbitration award on the merits, if the making of any such order that is equivalent to an award or correction of an award is subject to the same conditions, if any, as are applicable to the making of an award or correction of an award."

here,[2] the superior court should have enforced it *by itself dismissing* the underlying civil action in accordance with the terms of Code of Civil Procedure section 583.

In addition, even were we to conclude that some judicial power existed in the superior court to reexamine the question whether or not plaintiffs had shown reasonable diligence in the prosecution of their claims, the arbitrator's decision should have been confirmed. When plaintiffs' attorneys assert as they do, that they "consistently, repeatedly, and laboriously attempted to bring this matter to hearing," one can but wonder what efforts they expend on their routinely processed actions.[3]

Neither counsel's performance was such as to advance the judicial goal of resolving all disputes on their merits. That is to say, while we rule in favor of defense counsel's clients we do not applaud their efforts.[4] Nonetheless, *under our adversary system* it is permissible,

---

[2]Code of Civil Procedure section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

[3]Plaintiffs' own declarations and exhibits filed in opposition to defendants' motion to dismiss for want of prosecution establish that defendants filed their notice of appointment of an arbitrator on October 31, 1975, and plaintiffs did likewise on January 15, 1976. Thereafter, until August 1976, plaintiffs took no action to initiate the selection of a neutral arbitrator and fix a hearing date. Their initial attempt having yielded no response, plaintiffs sent a followup letter to defendants in January 1977. A neutral arbitrator was selected in March of that year.

Between March 1977 and June 1979 plaintiffs made five attempts, four by telephone, to schedule a hearing. Following the withdrawal of the neutral arbitrator in June 1979 and the selection of a replacement in July, a hearing date of February 8, 1980, finally was selected. In late January, however, that hearing was postponed at defendants' request, apparently without objection by plaintiffs. Plaintiffs failed to resume their efforts to set a new date until March 1981, well over five years after the matter had been ordered to arbitration.

[4]The lethargy of plaintiffs' counsel seems to have been equally matched by defendants' who did not even take the deposition of plaintiff Joyce Young until February 13, 1980, four and a half years after their request for arbitration had been granted and five and a half years after the death of David C. Young whose demise formed the basis for this action. We, therefore, would prefer not to read assertions such as the following example taken from their opening brief: "Arbitration is a favored means of dispute

though unfortunate from the perspective of the public we serve, for a resisting party simply to sit and wait, even in an "expeditious" (*sic*) arbitration proceeding that he has sought and, over objection, obtained. The simple fact is that nothing defendants' counsel did, or rather didn't do, precluded plaintiffs from insisting upon moving forward and taking those steps necessary to accomplish that end. As we noted in *Preston* v. *Kaiser Foundation Hospitals, supra*, 126 Cal.App.3d 402, 407-408: "If, as plaintiffs contend, there was difficulty in forming the arbitration panel, or that defendants were 'dragging their feet' in fulfilling their obligations under the contract, plaintiffs could have petitioned the superior court for assistance in expediting the arbitration proceedings, even to the point of asking the superior court to appoint a neutral arbitrator. (Code Civ. Proc., § 1281.6.)"

We find nothing in such decisions as *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276 [175 Cal.Rptr. 150]; *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; *Farrar, Herrick & Associates* v. *Safecare Co.* (1981) 115 Cal.App.3d 123 [171 Cal.Rptr. 191]; *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 687-688 [91 Cal.Rptr. 908], relied on by plaintiffs that would excuse their failure to here process their claims with reasonable diligence.

The order under review is reversed with instructions to the trial court to dismiss the instant action in accordance with Code of Civil Procedure section 583.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied October 5, 1982.

---

resolution because of its 'expeditious and economical method of relieving over burdened civil calendars' (*Madden* v. *Kaiser*), supra, but *respondents defeated* these goals. There was no expeditious resolution since *the claim dragged* on for over five years, *to the clear and uncontested disadvantage of appellants.* The law and the underlying public policy favoring arbitration demands that arbitrators have the ability to dismiss an action when the plaintiff *refuses* to go forward after five years. Surely, public policy requires that a defendant *be protected* from interminable litigation, whether in a purely judicial forum or an arbitration proceeding." (Italics added.)