[Civ. No. 30106. Fourth Dist., Div. Three. Mar. 21, 1984.]

THOMAS N. DODD et al.,
Plaintiffs, Cross-defendants and Respondents, v.
LESLIE R. FORD et al., Defendants, Cross-complainants and Appellants.

LESLIE R. FORD et al., Plaintiffs and Appellants, v.
THOMAS N. DODD et al., Defendants and Respondents.

COUNSEL

Joseph A. Shuff III for Defendants, Cross-complainants and Appellants and Plaintiffs and Appellants.

Capretz & Kasdan, Kenneth S. Kasdan and Michael F. Burns for Plaintiffs, Cross-defendants and Respondents and Defendants and Respondents.

OPINION

**CROSBY, J.**—Cross-complainants appeal dismissal of consolidated actions for failure to bring them to trial within five years under Code of Civil Procedure section 583, subdivision (b).

I

On June 3, 1977, the Dodds filed a verified complaint for general and punitive damages against the Fords in a dispute over the sale of commercial real property. On July 7, 1977, the Fords answered and cross-complained against the Dodds for breach of contract. A week later they filed a separate unlawful detainer action against the Dodds. The actions were consolidated; and on July 22, 1980, counsel for all parties stipulated to binding arbitration.

Apparently a lengthy trial estimate dissuaded several arbitrators from hearing the cases, but testimony before an arbitrator finally began on May 4, 1982. However, the proceedings were stopped on the second day when he told the parties he could not devote sufficient time to the matter. By minute order of May 19, 1982, the court vacated the arbitrator's appointment, removed the cases from the arbitration hearing list, and advised the parties they would be restored to either the arbitration hearing list or civil active list only on noticed motion and compliance with an earlier order for payment of arbitrator fees.

The Dodds did nothing in response to the minute order; and on September 2, 1982, the Fords filed a motion to restore the cases to the arbitration hearing list, asserting an oral stipulation to waive the five-year period for bringing them to trial. In opposition the Dodds denied any agreement to extend the five-year period and urged dismissal of their complaint and the Fords' cross-complaint. The court denied the Fords' motion and dismissed both actions under Code of Civil Procedure section 583, subdivision (b).[1]

## II

The Fords advance several arguments on appeal. ■ First, they contend the alleged oral stipulation to waive the five-year period for bringing the case to trial must be honored. Not so. Section 583, subdivision (b) expressly requires a stipulation to extend the period to be in writing.

■ Next, they argue the five-year statute for bringing a case to trial is tolled if the case remains on the arbitration hearing list more than four years and six months after it was filed, citing section 1141.17 and rule 1601(d), California Rules of Court.[2] This issue was recently dispatched by the Supreme Court: there is no tolling if the parties stipulate to, or the plaintiff elects, arbitration. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 235, fn. 5 [197 Cal.Rptr. 546, 673 P.2d 216].)

## III

Alternatively, the Fords claim the aborted arbitration hearing must be viewed as the commencement of trial, precluding dismissal under section 583, subdivision (b). They rely on *Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513 [152 Cal.Rptr. 628] where the court noted, "an issue of

---

[1]All statutory references are to the Code of Civil Procedure. Section 583, subdivision (b) provides, "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[2]The version of section 1141.17 then in effect read: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award." The section was subsequently amended, effective January 1, 1984.

Rule 1601(d) provides: "When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure." Subdivision (c) expressly excludes arbitrations where there was "a stipulation or a request by plaintiff to submit to arbitration."

law or fact [need not] be finally decided in order for a case to have been 'brought to trial' within the meaning of section 583, subdivision (b)" (*id.,* at pp. 518-519), and the testimony of one witness "is sufficient to constitute a partial trial within the five-year period to take an action out of the operation of . . . section 583, subdivision (b)." (*Id.,* at p. 519.)

But in *Brown* the court also determined an arbitration hearing "could not be considered as a 'trial' within the meaning of Code of Civil Procedure section 583, subdivision (b) . . . [because] any party is entitled to reject the award and obtain a trial in the superior court." (*Id.,* at p. 520.) The same conclusion was reached in *Khoury* v. *Comprehensive Health Agency, Inc.* (1983) 140 Cal.App.3d 714 [189 Cal.Rptr. 653], albeit without discussion. ■ The Fords urge the result should be different in this case because counsel stipulated to binding arbitration, thus waiving the right to trial de novo. We agree for several reasons.

First, section 583 applies to "actions." Section 22 defines the word as follows: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." A cause does not lose its status as an action simply because it is referred to arbitration. The word is used repeatedly in the judicial arbitration legislation (§ 1141.10 et seq.). For example, section 1141.12, subdivision (a) provides in part, "In each superior court in which arbitration may be had pursuant to subdivision (a) or (b) of Section 1141.11, upon stipulation of the parties, any at-issue civil actions shall be submitted to arbitration regardless of the amount in controversy."

Second, unlike *Brown,* these cases will finally be resolved through arbitration. The parties bargained away the right to a superior court trial, and the arbitration award is not appealable. (§ 1141.23.)[3] There is no reason not to equate the abbreviated proceedings with commencement of trial and preclude dismissal under section 583, subdivision (b).[4] (See *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979].)

Moreover, the effect of the abruptly terminated arbitration was a mistrial, invoking for purposes of involuntary dismissal subdivision (d) of section

---

[3]An arbitration award may be vacated, corrected or modified only under limited circumstances. (See Cal. Rules of Court, rule 1615(d) and §§ 1141.22, 1286.2, and 473.)

[4]We do no more than give these proceedings "the same force and effect as . . . any civil action." (§ 1141.23.) We also note, for example, litigation terminated by arbitration may supply the necessary element of "favorable termination" to support a subsequent malicious prosecution action. (*Stanley* v. *Superior Court* (1982) 130 Cal.App.3d 460, 472 [181 Cal.Rptr. 878].)

583, not subdivision (b).[5] In this respect, the case is similar to *Blue Chip Enterprises, Inc.* v. *Brentwood Sav. & Loan Assn.* (1977) 71 Cal.App.3d 706 [139 Cal.Rptr. 651].[6] There, on the scheduled trial date, almost five years after the complaint was filed, one plaintiff was sworn, testimony briefly taken, mistrial declared, and the matter then "'put off calendar . . . subject to setting by the parties.'" (*Id.,* at p. 709.) No new trial date was ever scheduled, and defendant's motion to dismiss was granted almost three years later. The court noted the matter was "brought to trial" within the meaning of section 583, subdivision (b); and although the case was almost eight years old, subdivision (b) could not support the involuntary dismissal. The court concluded subdivision (d) of section 583 was the only statute potentially applicable, but it did not support dismissal as three years had not yet elapsed since entry of the court order declaring the mistrial. (*Id.,* at p. 712.)

The same rationale applies here. Arbitration terminated on May 5, 1982, and the court's subsequent minute order vacating the arbitrator's appointment effectively declared a mistrial of these cases. Dismissal pursuant to subdivision (b) of section 583 was thus incorrect and under subdivision (d), premature.

IV

■ Finally, we observe our holding is consistent with—and considerably minimized by—a completely unrelated means of reaching a similar conclusion. The superior court dismissal did not terminate the legal vitality of this action. When the agreement for binding arbitration was reached, the plead-

---

[5]Section 583, subdivision (d), added in 1972, provides: "When in any action a trial has commenced but no judgment has been entered therein because of a mistrial or because a jury is unable to reach a decision, such action shall be dismissed on the motion of defendant after due notice to plaintiff or by the court of its own motion, unless such action is again brought to trial within three years after entry of an order by the court declaring the mistrial or disagreement by the jury, except where the parties have filed a stipulation in writing that the time may be extended."

[6]This action would also appear to be similar to *Hartman* v. *Santamarina, supra,* 30 Cal.3d 762, where the Supreme Court reversed the section 583, subdivision (b) dismissal. There, "[t]welve prospective jurors were put into the box, both sides passed for cause, the jury was sworn, and plaintiff moved for a continuance which was granted over defendant's objections. The court then discharged the jury on its own initiative. [Fn. omitted.] The trial was continued to [a date beyond the five-year statute]." (*Id.,* at p. 764.) The court concluded this procedure was sufficient to bring the case to trial and avoid involuntary dismissal under subdivision (b) of section 583. A footnote recognized, "It may be of technical significance that it was the court and not plaintiff who thus precipitated a mistrial. Plaintiff had merely asked for a continuance or, more precisely, a rather long recess." (*Ibid.*) Inexplicably, however, the opinion neither mentions subdivision (d) of section 583 nor attempts to distinguish *Blue Chip Enterprises, Inc.* v. *Brentwood Sav. & Loan Assn., supra,* 71 Cal.App.3d 706.

ings in the civil action, having fulfilled their purpose, became virtually *functus officio*. (See *Martinez* v. *Superior Court* (1980) 106 Cal.App.3d 975, 978 [165 Cal.Rptr. 267].) Despite the dismissal, the arbitration agreement could be independently enforced within the period of the statute of limitations on petition to the superior court (§ 1281.2); and any resulting award could be confirmed in the same manner (§ 1285), without reference to the complaint or cross-complaint. Dismissal of the complaint and cross-complaint could not bar enforcement of the agreement, because the dismissal was not on the merits. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 177, pp. 3318-3319.)

Arbitration compelled on motion to enforce the stipulation *is* outside the judicial arbitration scheme and at the expense of the parties; but once the parties waived the right to seek a trial de novo by agreeing to binding arbitration, these proceedings became a true arbitration—under the auspices of the superior court instead of the American Arbitration Association.[7] Thus, the dismissal, even if appropriate, merely reduced the court's involvement to hearing motions to compel arbitration and enforce any award.

Accordingly, the judgment dismissing the cross-complaint is reversed. Appellants to recover their costs on appeal.

Wallin, Acting P. J., and Sonenshine, J., concurred.

---

[7] "Judicial Arbitration" is obviously an inapt term, for the system it describes is neither judicial nor arbitration. The hearing is not conducted by a judge, and the right to a trial de novo removes the finality of true arbitration. "Extrajudicial mediation" would be closer to correct.