[No. G004645. Fourth Dist., Div. Three. Sept. 30, 1988.]

ANN GAY BYERLY et al., Plaintiffs and Appellants, v. STEWART C. SALE et al., Defendants and Respondents.

COUNSEL

Harney, Wolfe, Pagliuso, Shaller & Carr, Horvitz, Levy & Amerian, David M. Axelrad, Peter Abrahams and Joan Wolff for Plaintiffs and Appellants.

Fischer, Krane, Jacobson & Kabat Scott J. Spolin, Arthur L. Margolis and Norman S. Wismicki for Defendants and Respondents.

OPINION

**CROSBY, J.**—The superior court dismissed a medical malpractice action for failure to bring the matter to trial within five years. (Code Civ. Proc., §§ 583.310, 583.360.) Plaintiffs contend the five-year period was tolled by the

court's earlier order compelling arbitration and staying all proceedings. In what, as we shall explain, is probably an academic exercise, we agree.

## I

On April 17, 1981, Ann Byerly sued Stewart C. Sale and several others for medical malpractice. Her husband included a cause of action for loss of consortium. Defendants answered the complaint and petitioned to compel arbitration and for a stay of proceedings pursuant to the terms of Byerly's written arbitration agreement (Code Civ. Proc., § 1295). The trial court granted the motion on September 21, 1981.

By May 1983 the arbitrators had been designated, and discovery continued through January 1984. The matter then languished for more than two years until May 15, 1986, when plaintiffs asked defendants to schedule a date for arbitration. Defendants responded by moving the superior court to dismiss the *complaint* for failure to bring the action to trial within five years. The motion was granted on August 7, 1986. (Code Civ. Proc., §§ 583.310, 583.360.)

## II

■ As plaintiffs argue, Code of Civil Procedure section 583.340, subdivision (c) excludes from the five years the entire period during which an action is stayed or where "[b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile." The lawsuit was stayed five months after it was filed, and the stay was continuously in effect until the trial court purported to dismiss the action under the mandatory five-year statute. During that entire time, it was indisputably impossible for plaintiffs to bring their action on the complaint to trial. Thus, dismissal of the complaint *was* improper.

Our discussion is not yet complete, for we must point out that reversal of the judgment is close to an idle act.  ■ Mere dismissal of a previously stayed complaint under the present circumstances has absolutely no effect on the pending arbitration. This is so because the parties contractually agreed to arbitrate the dispute pursuant to Code of Civil Procedure section 1295.[1] The court did not purport to dismiss the arbitration, nor are we

---

[1] Article 1 of the agreement signed by Ann Byerly contains the language mandated by Code of Civil Procedure section 1295, subdivision (a): "It is understood that any dispute as to medical malpractice . . . will be determined by submission to arbitration as provided by California law, *and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings.* Both parties to this contract, by entering into it, are

aware of any authority to do so had it desired to accomplish that result. (But see fn. 3, *infra.*)

The agreement Ann Byerly signed rendered her civil action for medical malpractice superfluous in the first place: She could have avoided that step and proceeded directly to arbitration (Code Civ. Proc., § 1295, subd. (a)).[2] But Byerly did initiate a lawsuit, and it was necessary for the court to formally relegate it to the arbitration system (Code Civ. Proc., § 1281.2). At that point the complaint, "having fulfilled [its] purpose, became virtually *functus officio.*" (*Dodd* v. *Ford* (1984) 153 Cal.App.3d 426, 432 [200 Cal.Rptr. 256].) Barring a subsequent stipulation not to arbitrate, the judicial system's future involvement should have been limited merely to confirming, correcting, or vacating any arbitration award. (Code Civ. Proc., § 1285 et seq.; *Dodd* v. *Ford, supra*; *Young* v. *Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669 [185 Cal.Rptr. 536].) In other words, the court no longer had any reason to entertain the motion to dismiss the complaint here.

This point was briefly touched upon in the *Young* decision. There, relying on former Code of Civil Procedure section 583, subdivision (b), an arbitrator dismissed a dispute which had been initiated by complaint more than five years earlier; but, as in this case, it had been in the arbitration system for four-and-one-half years. The plaintiffs petitioned in the superior court to vacate the arbitrator's order, claiming it "was improvident both factually and legally." (135 Cal.App.3d at p. 672.) The motion was granted, but the appellate court reversed and directed the trial court to dismiss the matter.

The Court of Appeal observed, "It is, of course, true that Code of Civil Procedure section 583 does not *directly* apply to a proceeding other than an action pending in the superior court. Consequently, its terms may not be there enforced by anyone other than a judge of that court. Nonetheless, it is equally settled that 'the concept and limits of [that section have been imported] into the test of reasonable diligence in bringing a claim to resolution by arbitration . . . .' [Citations.] We believe that the officer actually in charge of an arbitration proceeding is, at the very least, in as good a position

giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration." (Italics added.)

[2]One court has held that the spouse of a patient "who signs an agreement to arbitrate her medical malpractice claims thereby [is not bound] to arbitration when the medical services for which the signatory spouse contracted were for herself only." (*Baker* v. *Birnbaum* (1988) 202 Cal.App.3d 288, 291 [248 Cal.Rptr. 336]; *Rhodes* v. *California Hospital Medical Center* (1978) 76 Cal.App.3d 606, 609 [143 Cal.Rptr. 59].) The propriety of referring husband's loss of consortium action to arbitration has not been challenged by the plaintiffs in this case, however; and we express no opinion concerning the soundness of the rule.

to administer such test as is the judge of the superior court where proceedings have been stayed." (135 Cal.App.3d at p. 673.)

■ In our view, it is for the arbitrator, not the court, to resolve such questions while an arbitration which is the result of a contractual agreement between the parties is pending.[3] Such an arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal. (Code Civ. Proc., § 583.120.)

Consequently, the defendants' efforts to obtain dismissal of this lawsuit in the superior court and the plaintiff's efforts here for reinstatement have been much ado about nothing. The proceedings below were the legal equivalent of burning a dock after the ship has sailed. Like the dock, the complaint will be of significance only if the parties choose to return to a judicial port to litigate the dispute on the merits. Otherwise the procedures outlined in Code of Civil Procedure section 1295 will control whether or not any complaint is extant.

Judgment reversed. The parties shall bear their own costs on appeal.

Sonenshine, Acting P. J., and Wallin, J., concurred.

A petition for a rehearing was denied October 19, 1988, and respondents' petition for review by the Supreme Court was denied January 4, 1989.

---

[3] A year before *Young* was decided, the same appellate panel noted in dictum that the effect of a court's dismissal of a complaint "was to vacate the order for arbitration and terminate the arbitration itself." (*Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402, 406 [178 Cal.Rptr. 882].) To the extent *Preston* may be cited for the notion that dismissal of a complaint somehow includes termination of a pending arbitration matter, it is unsupported, and unsupportable, in law or logic; and we decline to follow it.