Opinion
THE COURT.*
This appeal involves a court’s authority to dismiss a case under Code of Civil Procedure section 583.310 after the parties contractually agree to resolve the dispute by arbitration. The lower court granted respondent’s motion to dismiss the action for failure to bring it to trial within five years, but denied appellant’s petition to compel arbitration. We conclude the lower court properly dismissed the legal action and affirm that ruling. However, the parties’ contractually created arbitration constitutes a separate, independent proceeding not affected by the dismissal. Therefore, we reverse the order denying appellant’s petition.
Facts
Appellant commenced this lawsuit January 11, 1983, to recover damages for injuries allegedly suffered in a two-car accident. Respondent answered the complaint through her first attorney of record, Stedman & Smith (later renamed Stedman Law Corporation).
In January 1988, respondent substituted in her present attorney of record. On March 9, 1988, respondent moved to dismiss the action under Code of Civil Procedure section 583.310. Counsel submitted a supporting declaration stating the parties had not stipulated to extend the time for trial.
*Supp. 3 Appellant filed written opposition to the motion and a petition to compel arbitration. Both were supported by exhibits, including a document entitled “Stipulation for Binding Nonappealable Arbitration” dated February 23, 1987.
The stipulation is signed by appellant’s attorney and a member of respondent’s first attorney of record. In part, it states: “The parties hereto, through their respective counsel, stipulate that all further proceedings, including trial, of this matter may be held before the Honorable H. Warren Knight, Judge (Retired) of the Judicial Arbitration and Mediation Service, Inc., Santa Ana, California, sitting without a jury, a jury trial being expressly waived. All proceedings and trial shall be held under and pursuant to the Rules of Arbitration and any order or award of Judge Knight shall be final, binding and nonappealable, all rights of appeal, trial de novo, new trial, motions for judgment and all other motions and after award proceeding being expressly waived.” Appellant filed the original stipulation with the lower court.
Respondent opposed appellant’s petition, relying on rule 26 of the West Orange County Municipal Court. Rule 26 states: “Stipulations affecting any proceedings of the court shall be agreed to by all parties to be bound thereby, or their attorneys. Stipulations may either be made in open court and entered in the minutes or be written and filed with the clerk of the court. Stipulations which do not meet these requirements shall be ineffective for any purpose.”
The lower court granted respondent’s motion and denied appellant’s petition. This appeal followed.
Discussion
Appellant contends the arbitration agreement eliminated the lower court’s jurisdiction to make any ruling other than compelling arbitration, and estopped respondent from moving to dismiss for failure to bring the matter to trial within five years. We disagree.
Several cases have held the five-year dismissal statute applies to lawsuits subject to contractual arbitration even if the case is in arbitration. (Gainey v. Occidental Land Research (1986) 186 Cal.App.3d 1051, 1054 [231 Cal.Rptr. 249]; Preson v. Kaiser Foundation Hospitals (1981) 126 Cal.App.3d 402, 407 [178 Cal.Rptr. 882]; Lockhart-Mummery v. Kaiser Foundation Hospitals (1980) 103 Cal.App.3d 891, 896 [163 Cal.Rptr. 325]. See also Young v. Ross-Loos Medical Group, Inc. (1982) 135 Cal.App.3d 669 [185 Cal.Rptr. 536].)
*Supp. 4 Neither does the record support appellant’s estoppel theory. There is nothing in the stipulation or the other documents reflecting an agreement, express or implied, to waive the five-year time limit.
Technically, the lower court’s dismissal is not appealable since it fails to comply with Code of Civil Procedure section 58Id. However, the parties have not raised this issue. In the interest of justice, we remand the case to the municipal court with directions to enter a written order signed by the court, treat the appeal as premature, and affirm the dismissal. (See Palazzi v. Air Cargo Terminals, Inc. (1966) 244 Cal.App.2d 190, 192-193 [52 Cal.Rptr. 817].)
Appellant also appealed from the denial of his petition to compel arbitration. This order is independently appealable. (Code Civ. Proc., § 1294, subd. (a).). Furthemore, the arbitration is not affected by the dismissal of the legal action.
In Dodd v. Ford (1984) 153 Cal.App.3d 426 [200 Cal.Rptr. 256], plaintiffs commenced an action against defendants in June 1977. Defendants cross-complained and filed a séparate unlawful detainer action. The cases were consolidated. In July 1980 counsel for all parties stipulated to binding arbitration. A hearing was commenced in May 1982. However, the arbitrator stopped it on the second day stating he could not devote enough time to the matter. Subsequently, the court dismissed the entire action.
The Court of Appeal reversed, in part, because the dismissal did not affect the arbitration proceeding: “The superior court dismissal did not terminate the legal vitality of this action. When the agreement for binding arbitration was reached, the pleadings in the civil action, having fulfilled their purpose, became virtually functus officio. [Citation.] Despite the dismissal, the arbitration agreement could be independently enforced within the period of the statute of limitations on petition to the superior court (§ 1281.2); and any resulting award could be confirmed in the same manner (§ 1285), without reference to the complaint or cross-complaint. Dismissal of the complaint and cross-complaint could not bar enforcement of the agreement, because the dismissal was not on the merits . . . .” (Dodd v. Ford, supra, 153 Cal.App.3d 431-432, italics in original.)
Recently, the same court reaffirmed this holding in Byerly v. Sale (1988) 204 Cal.App.3d 1312 [251 Cal.Rptr. 749]. There, plaintiff commenced a medical malpractice action against defendants in April 1981. Defendants obtained an order staying the proceeding and compelling arbitration under the parties’ written agreement (see Code Civ. Proc., § 1295) September 21, *Supp. 5 1981. On August 7, 1986, the trial court granted defendant’s motion to dismiss the action under Code of Civil Procedure section 583.310.
The Court of Appeal reversed, in part concluding the dismissal had “absolutely no effect on the pending arbitration” (id. at p. 1314). It declined to follow Young v. Ross-Loos Medical Group, Inc., supra, 135 Cal.App.3d 669 which held the court, rather than the arbitrator, should dismiss the proceeeding under Code of Civil Procedure section 583.310: “In our view, it is for the arbitrator, not the court, to resolve such questions while an arbitration which is the result of a contractual agreement between the parties is pending. Such an arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal . . . .” (Byerly v. Sale, supra, 204 Cal.App.3d 1312, 1316.)
Byerly also rejected the holding in Preston v. Kaiser Foundation Hospitals, supra, 126 Cal.App.3d 402, that dismissal of the lawsuit operated to terminate arbitration as well. “To the extent Preston may be cited for the notion that dismissal of a complaint somehow includes termination of a pending arbitration matter, it is unsupported, and unsupportable, in law or logic; and we decline to follow it.” (Byerly v. Sale, supra, 204 Cal.App.3d 1312, 1316, fn. 3.)
Under Dodd, supra, 153 Cal.App.3d 426, and Byerly, supra, 204 Cal.App.3d 131, we conclude the lower court erroneously denied appellant’s petition to compel arbitration. Appellant presented evidence counsel for both parties executed an agreement for binding arbitration. Respondent does not dispute the existence or validity of the agreement except to argue the failure to file it in the lawsuit rendered the contract unenforceable for that proceeding. (Cf. Blanton v. Womancare, Inc. (1985) 38 Cal.3d 396 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109].) However, the stipulation was filed with appellant’s petition. (See Smith v. Whittier (1892) 95 Cal. 279, 287-290 [30 P. 529].) Second, Dodd and Byerly hold the arbitration is a separate and distinct proceeding, not dependent upon the continuing existence of the legal action.
The order dismissing the legal action is remanded to the municipal court with directions to enter a written order signed by the court and, as so modified, it is affirmed. The order denying appellant’s petition to compel arbitration is reversed and the matter remanded to the municipal court with directions to enter an order granting the petition.

 Before Oliver, P. J., Smith, J., and Taylor, J.