[No. G011587. Fourth Dist., Div. Three. Dec. 31, 1991.]

MARY NANFITO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
HYE CHA ICE, Real Party in Interest.

**COUNSEL**

Harris D. Himes and Charles A. Mollis for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**CROSBY, J.**—Does the superior court retain jurisdiction to dismiss litigation for failure to diligently prosecute (Code Civ. Proc., §§ 583.410, 583.420) after submission of the cause to judicial arbitration? *Yes.*

I

Hye Cha Ice filed a tort action against Mary Nanfito on August 26, 1986. The at-issue memorandum did not follow until June 1991, two months before the lawsuit's fifth anniversary. At that time plaintiff also unilaterally elected to submit the case to arbitration.

Nanfito responded with a motion to dismiss for failure to diligently prosecute. On July 11, 1991, before the motion was heard, however, the presiding judge of the Orange County Superior Court, acting on plaintiff's

election, ordered the case to mandatory arbitration.[1] The judge slated to hear Nanfito's motion to dismiss then determined plaintiff's election and the superior court's order for arbitration stripped him of any jurisdiction to rule. He conceded it was "a strange situation," but added, "in any event, I can't overrule . . . another judge."[2]

Nanfito petitioned for a peremptory writ of mandate. We stayed the arbitration and invited responses from the court and the real party in interest. None was received. ■ Issuance of an alternative writ would not assist our resolution of this matter and would cause unnecessary delay. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

II

■ The superior court's power to terminate litigation previously ordered into arbitration depends on the nature of the arbitration, i.e., judicial or true. In true arbitration, e.g., where parties stipulate to binding arbitration (*Dodd* v. *Ford* (1984) 153 Cal.App.3d 426, 432, fn. 7 [200 Cal.Rptr. 256]) or where the superior court has compelled arbitration and stayed court proceedings pursuant to the terms of a written arbitration agreement (Code Civ. Proc., § 1295; *Byerly* v. *Sale* (1988) 204 Cal.App.3d 1312 [251 Cal.Rptr. 749]), the "arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal." (*Byerly, supra,* at p. 1316; see also *Young* v. *Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669, 673 [185 Cal.Rptr. 536] [if superior court action is stayed pending ordered arbitration under written arbitration agreement, arbitrator's decision to dismiss proceeding for failure to prosecute is binding on superior court].) ■ ■ ■ ■ Under these circumstances, "the pleadings in the civil action, having fulfilled their purpose, [become] virtually *functus*

---

[1] The minute order reads, "No appearances. Plaintiff having elected to refer the case to arbitration and having waived damages in excess of $50,000.00, the above-entitled case is ordered referred to mandatory arbitration and placed on the Arbitration Hearing List, pursuant to C.C.P. 1141.11 et seq., effective this date. Counsel have 5 days to stipulate to an arbitrator. Clerk to give notice. [¶] *Entered:* 7-11-91."

[2] We do not see this as an "overruling another judge" problem for reasons which will appear. Our understanding of local practice is that unilateral requests for judicial arbitration are routinely handled as clerical matters. That procedure probably should be modified in the case of requests made shortly before a litigation's fifth anniversary.

*officio*" and any attempt by the court to terminate the dispute is an idle act.[3] (*Dodd* v. *Ford, supra,* 153 Cal.App.3d at pp. 431-432.)

■ Judicial arbitration is a different animal, however. As we previously obvserved, "[j]udicial [a]rbitration is obviously an inapt term, for the system it describes is neither judicial nor arbitration. The hearing is not conducted by a judge, and the right to a trial de novo removes the finality of true arbitration. 'Extrajudicial mediation' would be closer to correct." (153 Cal.App.3d at p. 432, fn. 7.) Where the arbitration is of this type, the matter is only on a sabbatical from the courthouse and the superior court retains full jurisdiction to dismiss for lack of diligent prosecution. (See, e.g., *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 730 [200 Cal.Rptr. 628].)

■ Moreover, special rules pertain where a plaintiff's election to arbitrate is "attempted in the last three months before the running of the five-year statute[.] [That] requires permission of the court. At this time, 'the trial court should consider the factors relevant to motions to dismiss under the discretionary dismissal provisions of [Code of Civil Procedure] section 583.240 prior to the entry of any order on the merits of the motion.'" (*Jackson* v. *Garmon* (1990) 217 Cal.App.3d 860, 866, fn. 6 [266 Cal.Rptr. 201].)[4] No such consideration occurred here, and issuance of the writ is justified on that basis alone.

---

[3]Several divisions in the Second District have held that the superior court dismissal of a complaint in litigation that was stayed pending the outcome of contractual arbitration also terminates the arbitration. (*Preston* v. *Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402 [178 Cal.Rptr. 882]; *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [163 Cal.Rptr. 325].) We disagree with those opinions.

The *Lockhart-Mummery* court relied on *Kaplan* v. *Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587, 591 [127 Cal.Rptr. 699]. But the facts were considerably different there. In *Kaplan*, although the lawsuit had been ordered into arbitration pursuant to the parties' written agreement, the superior court had made several discovery orders. (Cf. Code Civ. Proc., § 1283.05 [arbitrators have statutory authority to compel discovery and enforce discovery orders].) Plaintiff failed to comply with the discovery orders, and the superior court dismissed the complaint for that reason. The Court of Appeal concluded the dismissal of the complaint operated to dismiss the pending arbitration.

[4]In *Jackson* we relied on *Sisler* v. *Superior Court* (1988) 205 Cal.App.3d 864 [252 Cal.Rptr. 665]. There, the superior court granted a motion by plaintiff to submit her lawsuit to arbitration on the day before its fifth anniversary. But plaintiff's new lease on life was short-lived. The Court of Appeal granted defendant's petition for a writ of mandate and directed the superior court to vacate the order: "Such a last-minute motion for an order submitting the matter to arbitration should be viewed with suspicion. We find the order permitting [plaintiff] to utilize the arbitration procedure as a means of bypassing the diligent prosecution statutes without consideration of all relevant factors a clear violation of the public policy underlying both the arbitration act and the diligent prosecution statutes." (*Id.* p. 868; see also *Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60 [190 Cal.Rptr. 64].)

 In short, not only does the superior court retain jurisdiction to dismiss actions it has previously ordered to *judicial* arbitration, it should also refuse to authorize such arbitrations where a plaintiff has waited an unreasonable time to seek that alternative resolution of the litigation.

Let a peremptory writ of mandate issue directing respondent court to hear petitioner's motion to dismiss. Our stay of the arbitration hearing is dissolved effective upon the resolution of that motion.

Sills, P. J., and Wallin, J., concurred.