[Civ. No. 62670. Second Dist., Div. Two. Dec. 4, 1981.]

WILLIAM P. PRESTON et al., Plaintiffs and Appellants, v. KAISER FOUNDATION HOSPITALS et al., Defendants and Respondents.

COUNSEL

Walkup, Downing, Shelby, Bastian, Melodia, Kelly & O'Reilly and Richard B. Goethals, Jr., for Plaintiffs and Appellants.

Thelen, Marrin, Johnson & Bridges, Rebecca A. Lewis and Wendell R. Mortimer for Defendants and Respondents.

OPINION

COMPTON, J.—Plaintiffs in an action for a wrongful death arising out of alleged medical malpractice appeal from a judgment of dismissal entered pursuant to Code of Civil Procedure section 583, for failure to bring the action to trial within five years. We reverse and remand.

At issue is the application of Code of Civil Procedure section 583[1] to a court-ordered arbitration proceedings based on a contractual provision in a prepaid health care plan.

William Preston is a member of the Oil, Chemical and Atomic Workers Union and, as such, received hospital and medical benefits for himself and his family pursuant to a contract between the union and the Kaiser Foundation Health Plan (Kaiser). Decedent was Preston's son who died after receiving treatment from Kaiser. The other plaintiffs are Preston's wife and children.

---

[1]Code of Civil Procedure section 583, subdivisions (a) and (b) provide in pertinent part: "(a) The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. ... (b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

The master contract provides, inter alia, that any claim for malpractice arising out of the rendition of or failure to render services under the contract shall be decided by arbitration.

Further, the contract provides that a claim is waived and forever barred if ". . . (3) the Claimant fails to pursue the arbitration claim with reasonable diligence."

The chronology of critical events in this case is as follows:

January 14, 1975—complaint filed in superior court; May 22, 1975—defendant notified plaintiffs of duty to arbitrate; February 9, 1976—defendant moved to stay the action and compel arbitration; December 6, 1976—motion to stay the action and compel arbitration granted;[2] December 8, 1976—defendant selected arbitrator; October 9, 1977—plaintiffs selected arbitrator; January 14, 1980—five years elapsed from the filing of the complaint; December 8, 1980—action dismissed.

The third and neutral arbitrator, as provided for under the arbitration scheme, was never selected. The effect of the dismissal was to vacate the order for arbitration and terminate the arbitration itself.

■ Plaintiffs contend that once having ordered arbitration, the superior court was without jurisdiction to dismiss the arbitration proceedings, that Code of Civil Procedure section 583 is simply inapplicable to arbitration proceedings based on a private contract and in any event the time during which the jurisdiction of the court to try the action was suspended should not be included in computing the time period, citing Code of Civil Procedure section 583, subdivision (f).[3] Plaintiffs argue that the determination of whether plaintiffs have proceeded with reasonable diligence is solely within the jurisdiction of the arbitration panel.

---

[2] The delay from February 9, 1976, when the motion was filed, and December 6, 1976, when the motion was granted, was attributable to several continuances requested by plaintiffs.

[3] Code of Civil Procedure section 583, subdivision (f) provides: "The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

At the outset, we observe that plaintiffs themselves, first, directly invoked the jurisdiction of the superior court when they filed their action and, secondly, and indirectly, when they refused to arbitrate thus requiring defendants to obtain a court order therefor.

Once the court ordered arbitration it was required by Code of Civil Procedure section 1281.4 to stay the proceedings until arbitration was completed or until "such earlier time as the court specifies." The court retained jurisdiction to determine any subsequent petition involving the same controversy. (Code Civ. Proc., § 1292.6.)

We read the provision of Code of Civil Procedure sections 1281.4 and 1292.6 in combination as investing a court, which has ordered a matter to be arbitrated, with the power on the one hand to entertain a petition by the plaintiff for judicial assistance in moving the arbitration forward where the matter is foundering for reasons beyond plaintiffs' control, or on the other hand, to entertain a motion by defendants to dismiss the arbitration where plaintiffs have failed to exercise reasonable diligence in moving the dispute to a conclusion.

Having concluded that the superior court was not ousted of jurisdiction by the order to arbitrate, we turn to the role of Code of Civil Procedure section 583 as applied to arbitration proceedings.

■ The policy of our law is to require a plaintiff to expedite the resolution of his or her claim and courts should not enforce claims unless the parties claiming them act in a timely fashion. (*Martin v. Cook* (1977) 68 Cal.App.3d 799 [137 Cal.Rptr. 434]; *Lockhart-Mummery v. Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [163 Cal. Rptr. 325].) Code of Civil Procedure section 583 is a codification of that policy and simply declares that two years is generally a reasonable time to bring a case to trial and that a delay of five years raises a strong presumption that a plaintiff has failed to exercise reasonable diligence.

The policy underlying Code of Civil Procedure section 583 is valid notwithstanding that the parties have, by contract, opted for a forum other than the courts.

If, as plaintiffs contend, there was difficulty in forming the arbitration panel, or that defendants were "dragging their feet" in fulfilling

their obligations under the contract, plaintiffs could have petitioned the superior court for assistance in expediting the arbitration proceedings, even to the point of asking the superior court to appoint a neutral arbitrator. (Code Civ. Proc. § 1281.6.)

*Lockhart-Mummery* v. *Kaiser Foundation Hospitals, supra*, 103 Cal.App.3d 891, a case involving arbitration pursuant to the identical contract involved here, is the only reported case dealing with this issue which has come to our attention. We find the rationale of that case to be logical and persuasive.

It was there stated at page 896, "Where some standard must be set up to prevent matters from maundering about for unlimited periods, surely the time-tested series of limitations (contained in the Code Civ. Proc.) prescribed by the Legislature for lawsuits, are well founded in common sense and practicality and should be applied in arbitration proceedings."

The *Lockhart* court further held that the entire period from the date of the filing of the complaint should be the "measuring rod and, if in excess of five years, the complaint should be dismissed ..." (*Ibid.* at p. 896.)

█ While we agree that Code of Civil Procedure section 583 should provide a measuring rod, our opinion is that the real test is "reasonable diligence" as provided in the contract. We are of the further opinion that in the context of contractually based arbitration proceedings, the above quoted language from *Lockhart-Mummery, supra,* that an arbitration should be dismissed after five years from the *filing of the complaint* is unnecessarily broad.

█ Case law has developed a number of exceptions to Code of Civil Procedure section 583, which serve to ameliorate the harshness of a strict application of the five-year period. One of those exceptions is where it is impossible or impractical to bring an action to trial. In that event, a so-called "island of time" may be carved out of the five-year period. (See *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732 [91 Cal.Rptr. 771].)

In importing the concept and limits of Code of Civil Procedure section 583 into the test of reasonable diligence in bringing a claim to

resolution by arbitration, we must also import the judicially created exceptions. In so doing, it becomes apparent that the point for commencing the running of the time will not ordinarily be the filing of the complaint, but rather the order for arbitration. During the period between the filing of the complaint and the order for arbitration, it would generally not be possible or practical for the plaintiff to bring the matter to arbitration or trial.

"[I]t would be impossible to identify every situation in which a mechanical application of Code of Civil Procedure section 583 'would produce injustice, . . . the statute must be applied in light of all the circumstances in the individual case, including the . . . nature of the proceedings themselves. . . . [R]esolution of the issue should implement the general scheme of [§ 583] so far as possible, and courts should not ignore the guidance which the section provides.

"Pursuant to section 583, it is not within the discretionary power of the trial court to dismiss an action until two years after it has been filed; a plaintiff may not be penalized for failing to bring even the least complicated case to trial during this period. Since the purpose of section 583 is to prevent avoidable delay [citation], this provision appears to represent a legislative determination that at least in the typical case a delay of two years is to be deemed unavoidable." (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, at pp. 96, 98 [52 Cal. Rptr. 460, 416 P.2d 492].)

Finally in *Stella* v. *Great Western Sav. & Loan Assn., supra*, 13 Cal.App.3d 732 at page 741, we stated "It would seem that the court's mandate to follow the guidance of section 583 in its entirety and the need for uniformity of application is best served by equating the section with statutes of limitation.

"This is accomplished by simply setting the period during which the . . . 'impracticability' existed and examining the aggregate 'free time' which remains both before and after the exempt period in the light of the various provisions of section 583 of the Code of Civil Procedure.

"Thus, beginning with the filing of the complaint the plaintiff is entitled to consume before and after the 'tolling' period an aggregate of two years in bringing his case to trial before risking a discretionary dismissal and an aggregate of five years before a mandatory dismissal."

In the case at bench the trial court's dismissal was based solely on an elapse of five years between the *filing of the complaint* and the motion for dismissal. The issue of "reasonable diligence" in light of the above quoted principles was not addressed.

In reversing and remanding this matter to the trial court we express no opinion as to whether or not the plaintiff in fact exercised due diligence. We hold only that the plaintiff should not be penalized for requiring the defendant to obtain a court order for arbitration nor should the plaintiff be penalized for any delay attributable to the defendant in obtaining an order for arbitration.

The judgment is reversed and the matter is remanded to the trial court with directions to determine whether plaintiff, in light of our opinion here, failed to exercise reasonable diligence.

Roth, P. J., concurred.

**BEACH, J.**—I dissent.

The five-year time bar of section 583, subdivision (b) is mandatory, absent an applicable exception. Code of Civil Procedure section 583, subdivision (b) provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

Admittedly, several exceptions to the literal application of Code of Civil Procedure section 583, subdivision (b) have been created by several decisions of the California Supreme Court and appellate courts as explained by the majority opinion. Nonetheless, "The provisions of section 583 of the Code of Civil Procedure are mandatory unless plaintiff can bring his case within one of the exceptions made by the statute or within one of the implied exceptions recognized by the decisions." (*Adams v. Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466].) Also, "It is settled that the implied exceptions to the five-year period prescribed by section 583 do not contemplate 'that time consumed by the delay caused by ordinary incidents of proceedings like disposition of

demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period.'" (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 548 [105 Cal.Rptr. 339, 503 P.2d 1347].)

There appears in this record no reason why the arbitration proceedings cannot be treated in the same manner as "ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings" etc. There appears in the record and there was before the trial court absolutely no reason why appellants did not or could not have started and completed arbitration proceedings before the initiation of any lawsuit on their particular claim. This was their contractual obligation. Moreover, there was no demonstration why appellants could not have completed the arbitration within five years from the filing of the lawsuit, had they proceeded with due diligence.

Accordingly, I respectfully submit what was said in *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [163 Cal.Rptr. 325], (involving the identical contract as at bench) applies here: "The arbitration order did not toll the statute of limitations. The entire period from date of filing the complaint should be the measuring rod and, if in excess of five years, the complaint should be dismissed under Code of Civil Procedure section 583, subdivision (b)." (*Id.* at p. 896.) A plaintiff has the duty of demonstrating that the statute is tolled or that the entire period from date of filing the complaint should not be the measured period.

At bench there was no valid reason demonstrated by appellants for the delay of this action at law or for the delay in pursuing the arbitration. Appellants seek to carve out of the five-year statutory period another exception, i.e. "a stay pending arbitration." But appellants are not entitled to do so. They did not diligently pursue arbitration as their contract lawfully required them so to do.

The question of whether appellants pursued the steps necessary required of them either in the arbitration or in the lawsuit itself was before the court and considered by the trial court. The trial court expressly said: "The question is whether or not there was reasonable diligence." The trial court thus indicated it did consider the motion to dis-

miss with this as the crux of its decision. After submission and consideration, the trial court ruled against appellants. It is our duty to engage in every reasonable inference which supports the decision of the trial court. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].) But we need not speculate or assume or rely merely upon inference. The record is clear and solid that appellants totally failed to proceed with due diligence. All of the lengthy delays were caused by the· failure of appellants (1) to perform some act required of them as conditions precedent to filing a lawsuit, e.g. first submitting originally to arbitration prior to commencement of the lawsuit; or (2) to avail themselves of procedures or aids available to them, e.g. prompt service on defendants with summons and copy of complaint, appointment of their arbitrator, demand that the third arbitrator be appointed, etc. The issue before the court was only that of appellants' due diligence, in pursuing their claim by whatever means or in whatever forum, not respondent's.

Appellants failed to demonstrate the presence here of any of the reasons present in other cases to suspend the running of the five-year period, e.g. appeal, application for extraordinary writ, unavoidable delay, impracticability (*Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732 [91 Cal.Rptr. 771]), impossibility, or futility. (For examples of cases illustrating various exemptions recognized, in time limitations cases see *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 719 [170 Cal.Rptr. 790, 621 P.2d 829]; see especially also 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 93 et seq.)

The issues at bench were primarily factual. In *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 98 [52 Cal.Rptr. 460, 416 P.2d 492], the court considered the question of exemption from time requirements based on impracticability of consolidating cases. It there said: "What constitutes a reasonable time to prepare for the trial of the consolidated actions will vary with the peculiar facts of each case. The trial court is in the most advantageous position to resolve this factual problem, and its ruling should be reversed only if an abuse of discretion is demonstrable. [Citation.] However, while it is necessary to determine the period of impracticability only if the case is impliedly excepted from Code of Civil Procedure section 583, resolution of the issue should implement the general scheme of that section so far as possible, and courts should not ignore the guidance which the section provides."

To summarize, my view is: appellants filed a lawsuit improperly seeking a tort recovery. Respondent's demand that appellants be required to arbitrate and the obtaining of such judicial order did not have the effect of correcting or changing the nature of the underlying cause of action or recovery sought by appellants. Appellants left their tort cause of action unamended and unpursued.[1] But assuming the complaint somehow still had a valid cause of action after respondent's demand, respondent's demand for arbitration was not a request for the suspension of the running time of Code of Civil Procedure section 583, subdivision (b), nor was such suspension an automatic or necessary result thereof. Neither respondent's motion nor the arbitration ordered should be treated as such. Nonetheless, that seems to me the result of the majority's opinion in that it so treats respondent's act. The majority charges "time out" to the team which did not ask time out but simply asked the referee to make the other team abide by the rules. The time from which to calculate the running of the five-year period remained the filing of the complaint, nothing else. At bench the total five-year period should have deducted from it only a period of time during which respondent failed to perform some affirmative duty to do something which the law imposed on respondent. Appellants have demonstrated no such duty. The majority opinion nonetheless seems to cast a new burden upon a defendant in the position of respondent. I cannot define exactly on what premise that duty is based or what the scope of that duty may be. On the other hand, absent a clear exception to the five-year rule, the general rule of a plaintiff's duty to pursue his own case seems clear and applicable here.

"It is the duty of a plaintiff to act, and to act with reasonable promptness and diligence, and defendant need make no move until the law requires him to do so 'in response to the movements of plaintiff at the various stages of the litigation.'" (*Bonelli* v. *Chandler* (1958) 165 Cal.App.2d 267, 275 [331 P.2d 705]; *Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501 [71 Cal.Rptr. 344]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 93 et seq.)

Here in less than 60 days after being served as defendants, respondent reminded appellants of and requested that they abide by, the contractual duty to arbitrate. Respondent sought judicial assistance to compel arbitration only after appellants refused to arbitrate. Yet for

---

[1]Accordingly, respondent on the remand may immediately and successfully move the trial court for a judgment of dismissal on this basis.

over five years, through no fault of respondent, plaintiffs failed to arbitrate or bring any other cause of action to trial.

I would affirm the judgment of the trial court.

A petition for a rehearing was denied December 29, 1981. Beach, J., was of the opinion that the petition should be granted. Respondents' petition for a hearing by the Supreme Court was denied February 3, 1982. Kaus, J., and Broussard, J., were of the opinion that the petition should be granted.