[No. C043997. Third Dist. Apr. 23, 2004.]

MICHAEL FINLEY et al., Plaintiffs and Appellants, v.
SATURN OF ROSEVILLE et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

1254

---

**COUNSEL**

Law Office of Richard G. Fathy and Richard G. Fathy for Plaintiffs and Appellants.

Greenfield•Hardy and Robert H. Greenfield for Defendants and Respondents Saturn of Roseville and RPM Management.

Law Office of N. Paul Shanley and N. Paul Shanley for Defendants and Respondents Bob Frink and Patrick Frink.

## OPINION

**HULL, J.**—In this wrongful termination action, plaintiffs appeal from a final judgment, which confirms a contractual arbitration decision in favor of defendants. Plaintiffs contend that the trial court erred in compelling arbitration, because the arbitration agreement contained a one-sided provision that required a written arbitration decision and a right to appeal only where the arbitration award exceeds $50,000. Plaintiffs further contend that the court erred in denying their appeal to a second arbitrator as untimely.

In the unpublished portion of this opinion, we conclude that plaintiffs were not harmed by an unenforceable provision of the arbitration agreement. In the published portion, we conclude that the trial court lacked jurisdiction to entertain plaintiffs' motion to compel review by a second arbitrator. We therefore reverse the judgment.

### FACTS AND PROCEDURAL HISTORY

In light of plaintiffs' contentions on appeal, a complete review of the facts underlying the parties' dispute is unnecessary. Defendants Bob Frink and Patrick Frink were the president and vice-president, respectively, of Saturn of Roseville. In October 1995, plaintiff Michael Finley (Finley) was hired as the general manager. The employment agreement signed by Finley contained a provision that required arbitration of any "claim, dispute, or controversy (including, but not limited to, any and all claims of discrimination and harassment) which would otherwise require or allow resort to any court or other governmental dispute resolution forum . . . ." It further provided that "[a]wards exceeding $50,000 shall include the arbitrator's written reasoned opinion and, at either party's written request within 10 days after issuance of the award, shall be subject to reversal and remand, modification, or reduction following review of the record and arguments of the parties by a second arbitrator . . . ."

Soon after Finley joined Saturn of Roseville, Patrick Frink began a disturbing pattern of behavior toward Finley and his family, including coming unannounced to their residence, constantly calling the residence between 5:00 in the morning and 11:00 at night, demanding to be fed by the Finleys, making crude and demeaning comments to family members, and inappropriately touching Finley's teenage daughter. When Finley objected, Patrick Frink would respond, "As long as you work for me, I own you. I pay the bills for this place." On one business trip, Patrick Frink suggested that he and Finley have sex together. When Finley refused, Patrick Frink engaged in masturbation while Finley sat with his back to him. On another occasion, Patrick Frink attempted to grope Finley in a movie theater.

In late 1999 or early 2000, questions arose at Saturn of Roseville regarding possible improper receipt of money by Finley. The matter was investigated and Finley denied any wrongdoing. Nevertheless, Bob Frink eventually decided that Finley had to go. Finley was terminated on February 7, 2000.

Finley and his wife, Christine, initiated this action on February 2, 2001, against Saturn Dealership, RPM Management, Bob Frink, and Patrick Frink. The complaint alleges wrongful termination, intentional infliction of emotional distress, negligent infliction of emotional distress and loss of consortium. Defendants filed demurrers and a motion to strike or, in the alternative, a petition to compel arbitration. In opposition, plaintiffs asserted that the arbitration agreement was invalid because of the $50,000 threshold for a written decision and right of review.

The trial court concluded that under California law, a written opinion by the arbitrator is required for any claim under the California Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.) Therefore, the arbitration agreement "must be construed to require a written opinion on FEHA claims. So construed, the agreement is not invalid." The court further concluded that certain of plaintiffs' claims were preempted by workers' compensation exclusivity and, as to those, it sustained demurrers without leave to amend. On the other claims, the court granted the petition for arbitration. Plaintiffs later amended their complaint to add a claim for defamation.

The arbitrator determined that the only claims before him were wrongful termination in violation of public policy and intentional infliction of emotional distress. The defamation claim was dismissed for lack of evidence.

On December 1, 2002, the arbitrator issued his decision and award. He found for the defense on the intentional infliction of emotional distress claim. As for wrongful termination, he concluded that the crux of the claim involved proving that Patrick Frink orchestrated Finley's termination because of Finley's rejection of Patrick Frink's sexual advances or out of fear that Finley "would carry out his threat to expose Patrick to his father." The arbitrator concluded that Finley failed to carry his burden of proving that Bob Frink's decision to terminate Finley was influenced by Patrick Frink rather than by Bob Frink's belief in the charges leveled against Finley. Therefore, the arbitrator ruled in favor of defendants.

Plaintiffs moved for reconsideration and, the arbitrator denied the motion on January 21, 2003. On January 29, 2003, plaintiffs notified defendants of their appeal of the arbitrator's decision. Defendants claimed that the notice of appeal was untimely under the terms of the arbitration agreement. On February 26, 2003, the arbitrator declined to intercede on plaintiffs' behalf.

On March 7, 2003, plaintiffs filed a motion in the trial court to compel review of the arbitrator's decision by a second arbitrator. Defendants filed opposition, arguing, among other things, that the notice of appeal was untimely. The trial court agreed that the motion was untimely and denied it. Plaintiffs moved for reconsideration or, in the alternative, to confirm the arbitration award. The court denied reconsideration and confirmed the arbitration award. Judgment was thereafter entered for defendants.

DISCUSSION

I*

*Order Compelling Arbitration*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

*Order Denying Appeal to Second Arbitrator*

Plaintiffs contend that the trial court erred in failing to order the parties to submit the matter to review by a second arbitrator. Plaintiffs argue that the court should not have ruled on the timeliness of the appeal, because this was an issue for the second arbitrator to decide. Plaintiffs argue that once the court ordered the matter to arbitration, its only role was to "confirm, vacate, or correct the arbitrator's award when the arbitration process was completed." We agree in part.

"Title 9[, section 1280 et seq.] of the Code of Civil Procedure, as enacted and periodically amended by the Legislature, represents a comprehensive statutory scheme regulating private arbitration in this state." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899]; unspecified section references that follow are to the Code of Civil Procedure.) "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (§ 1281.) " 'The policy of the law in recognizing arbitration agreements and in providing by statute for their enforcement is to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.' [Citation.] 'Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.' " (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 9.)

---

*See footnote, *ante*, page 1253.

"A party to a contractual arbitration agreement may compel a recalcitrant party to comply with a valid agreement by means of a petition pursuant to section 1281.2, which is in essence a suit in equity to compel specific performance of the arbitration agreement." (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1795 [13 Cal.Rptr.2d 678] (*Brock*).) The party may also move for a stay of the judicial proceeding until completion of the arbitration. (§ 1281.4.) "Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration. This vestigial jurisdiction over the action at law consists solely of making the determination, upon conclusion of the arbitration proceedings, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award [citations]) or not (at which point the action at law may resume to determine the rights of the parties)." (*Brock, supra*, 10 Cal.App.4th at p. 1796.) The court also retains jurisdiction "to determine any subsequent petition involving the same agreement to arbitrate and the same controversy . . . ." (§ 1292.6.)

Defendants Saturn Dealership and RPM Management contend that plaintiffs' motion to compel review by a second arbitrator was, in effect, a petition under section 1281.2 to compel arbitration, which petition may be denied if the court determines "[t]he right to compel arbitration has been waived by the petitioner . . . ." (§ 1281.2, subd. (a).) They argue that the trial court properly concluded that plaintiffs waived their right of review by failing to submit a timely notice of appeal, as required by the arbitration agreement.

We are not persuaded. Defendants originally petitioned the trial court to refer the matter to arbitration pursuant to the arbitration agreement. As indicated previously, when the court granted the petition, it effectively ordered specific performance of the arbitration agreement, including the appeal provision. Hence, there was no need for a further petition to compel review by a second arbitrator. When plaintiffs filed their motion to compel review by a second arbitrator, they were attempting to obtain court assistance in forcing defendants to proceed with the appellate phase of the arbitration proceedings.

Plaintiffs contend that the trial court retained jurisdiction to compel defendants to comply with the review portion of the arbitration proceedings. They cite *Preston v. Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402 [178 Cal.Rptr. 882], where the court said: "We read the provision of Code of Civil Procedure sections 1281.4 and 1292.6 in combination as investing a court, which has ordered a matter to be arbitrated, with the power on the one hand to entertain a petition by the plaintiff for judicial assistance in moving

the arbitration forward where the matter is foundering for reasons beyond plaintiffs' control, or on the other hand, to entertain a motion by defendants to dismiss the arbitration where plaintiffs have failed to exercise reasonable diligence in moving the dispute to a conclusion." (*Preston v. Kaiser Foundation Hospitals, supra,* 126 Cal.App.3d at p. 407.) In *Preston,* the court concluded that a trial court retains jurisdiction to entertain a motion to dismiss a matter referred to arbitration if the plaintiff fails to pursue the arbitration in a timely fashion. (*Ibid.*)

In *Brock, supra,* 10 Cal.App.4th 1790, this court disagreed with *Preston* and concluded that the trial court has no such jurisdiction. (*Id.* at p. 1804.) We concluded that the power to dismiss the arbitration for delay lies with the arbitrator alone. (*Ibid.*) We explained that while section 1292.6 vests the trial court with continuing jurisdiction, "this continuing jurisdiction is to entertain petitions *under title 9* relating to the same arbitration." (*Brock, supra,* 10 Cal.App.4th at p. 1804.) We noted the absence of any provision in title 9 for a party to petition a trial court for dismissal because of arbitration delay. (*Brock, supra,* 10 Cal.App.4th at p. 1805.) Thus, while a trial court decides whether the right to arbitrate has been waived by delay in connection with the initial petition (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 982 [64 Cal.Rptr.2d 843, 938 P.2d 903]), any waiver due to delay in the arbitration itself is a matter for the arbitrator to decide.

We adhere to the reasoning of *Brock.* In keeping with the policy of avoiding delays and unnecessary contact with the courts, once a matter has been referred to arbitration, the court's involvement is strictly limited until the arbitration is completed. Because the reference to arbitration is essentially an order for specific performance of the arbitration agreement, the arbitration must be considered to include both the initial hearing and decision on the merits and any postdecision remedies provided for in the arbitration agreement.

The arbitration agreement here provided for review at the option of either party by a second arbitrator. Such review must be requested within 10 days of issuance of the arbitration award. At the time plaintiffs sought relief from the trial court to compel review by a second arbitrator, the arbitration proceeding was not yet completed. Although the matter had been submitted to an arbitrator and the arbitrator had issued a decision, the appellate phase of the proceedings had not yet concluded.

Here, plaintiffs filed a motion to compel review by a second arbitrator, a review that was provided for in the arbitration agreement. Having obtained a favorable ruling from the trial court on plaintiff's petition, defendants now seek to uphold the trial court's decision. But defendants cite no provision in

title 9 authorizing a petition for this purpose. Thus, the trial court had no jurisdiction to entertain plaintiffs' motion to that effect. (See *Blake v. Ecker* (2001) 93 Cal.App.4th 728, 738 [113 Cal.Rptr.2d 422] ["[R]ather than seek relief from the trial court for plaintiff's failure to proceed, defendants should have sought relief in the arbitration proceeding, by pursuing the remedies available under the arbitration agreement and the rules of the arbitration association designated therein"].) A fortiori, it had no jurisdiction to decide if plaintiffs had waived their right of review by failing to make a written request within 10 days of the arbitration decision. This is a matter to be decided in the arbitration proceedings.

■ Thus, while the trial court properly denied plaintiffs' motion to compel review by a second arbitrator, it did so for the wrong reason. The court had no jurisdiction to entertain the motion. Consequently, the judgment confirming the arbitration award was premature and must be reversed.

### DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to vacate its order denying plaintiffs' motion to compel review by a second arbitrator as untimely and to enter a new order denying the motion for lack of jurisdiction. The parties are left to proceed in accordance with the arbitration agreement, with the issue of waiver to be decided by the second arbitrator. Plaintiffs are awarded their costs on appeal.

Davis, Acting P. J., and Morrison, J., concurred.