Filed 11/19/24  Voit v. Chaudhry CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT L. VOIT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> JAGTAR S. CHAUDHRY et al., <br><br> Defendants and Respondents. | H050733 <br> (Santa Clara County <br> Super. Ct. No. 2015-1-CV-285027) |

This appeal arises from an action filed by plaintiff Robert L. Voit against his employer and company executives (defendants) for fraud and breach of fiduciary duty.[1] The trial court granted defendants' motion to compel arbitration and Voit appealed the court's order.  A different panel of this court found that the order was a nonappealable interlocutory order and dismissed Voit's appeal.

After the matter returned to the trial court in 2020, the court held various status conferences, specifically to review whether the parties had commenced arbitration proceedings.  In 2022, the trial court ultimately granted defendants' request to dismiss the case with prejudice for Voit's failure to pursue arbitration.

---

[1] On its own motion, this court takes judicial notice of both the record and its prior opinion in Voit's first appeal in *Voit v. Chaudhry et al.* (December 26, 2019, H043860 [nonpub. opn.]). (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

Representing himself, Voit now appeals the dismissal order and again challenges the trial court's prior order granting defendants' motion to compel arbitration. For the reasons discussed below, we reverse and remand for further proceedings.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. *Initial Proceedings and First Appeal*

After initiating the underlying action in August 2015, Voit filed an amended complaint against his former employer, Zscaler, Inc.; Jagtar Chaudhry (also known as Jay Chaudhry), Zscaler's co-founder and chief executive officer; and Kailash, the company's chief architect and co-founder, for fraud and breach of fiduciary duty.

In summary, Voit alleged that when he initially joined the company — previously known as SafeChannel, Inc.[3] — in 2008, Chaudhry represented, through Kailash, that Voit would acquire company stock through his employment, and the stock would not be diluted. In "justifiable reliance" on Chaudhry's and Kailash's promises, Voit " 'continued to work for Zscaler and thereby continued to purchase equity in the company and continued to contribute to the value of the equity he had already earned.' " However, instead of acquiring an increasing amount of equity, as Voit believed, his equity share was reduced through dilution from approximately .19 percent to .065 percent, effectively resulting in " 'a retroactive pay cut.' "

Defendants subsequently petitioned the trial court for an order compelling arbitration, citing the arbitration clause in Voit's at-will employment agreement and in the employee handbooks published and distributed three separate times during the course of Voit's employment with Zscaler. Each of those documents referred to the company's arbitration policy. The " 'At Will Employment, Confidential Information, Invention

---

[2] Our summary of the pertinent factual and procedural background includes some information that we have taken from the prior opinion in *Voit v. Chaudhry et al., supra,* H043860.

[3] The company's name was changed to Zscaler in August 2008

2

Assignment, and Arbitration Agreement" (Arbitration Agreement) contained the following arbitration provision: "IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES, AND MY RECEIPT OF THE COMPENSATION, PAY RAISES AND OTHER BENEFITS PAID TO ME BY THE COMPANY, AT PRESENT AND IN THE FUTURE, I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE (INCLUDING THE COMPANY AND ANY EMPLOYEE, OFFICER, DIRECTOR, SHAREHOLDER OR BENEFIT PLAN OF THE COMPANY IN THEIR CAPACITY AS SUCH OR OTHERWISE) . . . ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT WITH THE COMPANY OR THE TERMINATION OF MY EMPLOYMENT WITH THE COMPANY . . . SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE ARBITRATION RULES SET FORTH IN CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1280 THROUGH 1294.2 . . . AND PURSUANT TO CALIFORNIA LAW.' " The agreement further noted that any arbitration would be " 'ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION ("**AAA**") AND THAT THE NEUTRAL ARBITRATOR WILL BE SELECTED IN A MANNER CONSISTENT WITH AAA'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES.' " Similarly, the employee handbooks issued and distributed in 2008, 2011, and 2014, which employees were " 'required to read and understand,' " included a statement of the company's arbitration policy.

Voit responded to the petition to compel arbitration with a motion to disqualify defense counsel from representing Zscaler and to require separate representation for each of the named defendants, based on " 'multiple conflicts of interest that cannot be waived.' " Voit also moved to strike defendants' petition to compel arbitration, in whole or in part, based on the conflicts of interest asserted in his motion to disqualify. Voit

3

simultaneously filed his opposition to the petition, arguing that the duties he sought to enforce in his claims did not " 'result from' " his employment at Zscaler.

In May 2016, the trial court heard and issued a ruling on both matters. The trial court granted defendants' motion to compel arbitration, finding that the arbitration agreement between Voit and Zscaler covered all of Voit's claims and was not unconscionable. Accordingly, it stayed the action until the arbitration was completed. In light of that order, the court also denied Voit's motion to disqualify without prejudice, adding, " 'Although the Court does not find any merit in the motion, Plaintiff may file the motion with the arbitrator once appointed.' "

Voit subsequently appealed both orders. In December 2019, a different panel of this court dismissed the appeal, finding that neither of the challenged orders was appealable. (*Voit v. Chaudhry et al., supra,* H043860)

### B. Proceedings Following Appeal

After the appeal was dismissed and the matter returned to the trial court, the court held four status conferences between September 2020 and November 2021 to review the status of the parties' arbitration proceedings. While the parties indicated in June 2021 that they were prepared to proceed forward with arbitration, they had not commenced arbitration by their subsequent appearance in November 2021. The trial court therefore ordered that the parties commence arbitration immediately, and if they had not done so by their next court appearance in March 2022, an order to show cause would be issued. Accordingly, at the March 2022 court appearance, the trial court set the matter for an order for show cause on September 29, 2022, for "plntff's [*sic*] failure to pursue arbitration" (capitalization omitted).

On September 29, 2022, the trial court held a hearing on the order to show cause, which was not reported. The minute order does not indicate whether the court first heard argument from the parties prior to issuing any orders. The minute order only reflects that "[p]laintiff failed to schedule court ordered arbitration, and [d]efendant's reqeust [*sic*] to

4

dismiss is Granted." On November 18, 2022, the court subsequently dismissed the matter with prejudice.[4]

Voit timely appealed from the order for dismissal.

## II.    DISCUSSION

### A. *Appealability of Order*

As a threshold matter, defendants contend that Voit's appeal should be dismissed because he is merely attempting to "disguise" his appeal as one from the judgment for dismissal when he is in fact challenging the order compelling arbitration, which remains an interlocutory unappealable order. Defendants further argue that even if Voit's appeal is permissible because it is from a final judgment for dismissal, it should nevertheless fail because he has not raised any challenged to the merits of the dismissal, and has therefore waived any such arguments.

While it is true that orders compelling arbitration are generally considered interlocutory and thus nonappealable (Code Civ. Proc., § 1294[5]; see *Wheeler v. St. Joseph Hospital* (1976) 63 Cal.App.3d 345, 353), Voit specifically indicated in his notice of appeal that it was from a final judgment, as defined under section 904.1, subdivision (a)(1), for "dismissal with prejudice," and not from the order compelling arbitration. Upon an appeal pursuant to section 904.1, a reviewing court may review "any intermediate ruling, proceeding, order, or decision that involves the merits or necessarily affects the judgment [or order appealed from.]" (§ 906.) It is undisputed that the trial court issued an order compelling arbitration and stayed the proceedings. Furthermore, it was Voit's purported failure to engage in arbitration, as required by the order compelling arbitration, which necessarily affected or led to the final judgment for dismissal. Therefore, we conclude that the final judgment is properly before us on appeal.

---

[4] As indicated by Voit in his notice of appeal, the order of dismissal was signed by on October 20, 2022, but only filed on November 18, 2022.

[5] Unspecified statutory references are to the Code of Civil Procedure.

5

As discussed in more detail below, we must determine whether the trial court exceeded its jurisdiction by dismissing the complaint for failure by Voit to diligently prosecute the arbitration.[6]

### B. Trial Court's Jurisdiction to Dismiss the Case

#### 1. Applicable Law and Standard of Review

Section 1281.4 provides, in relevant part, that once a court "has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall … stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." " 'Once a court grants [a] petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration' to determine, upon conclusion of the arbitration proceedings, whether an award on the merits requires dismissal of the legal action. [Citation.] This is so, in part, because the whole point of contractual arbitration is to obviate the need for an action at law." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096, quoting *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796 (*Brock*)].) "This 'vestigial jurisdiction' [citation] consists of the court being empowered to 'appoint arbitrators if the method selected by the parties fails (§ 1281.6); grant a provisional remedy "but only upon the ground that the award to which

---

[6] Although Voit did not raise or argue this issue in the trial court or in his initial briefs to this court, we are nonetheless free to consider since it involves an issue of law on undisputed facts which may be raised for the first time on appeal. (See *Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal. App. 4th 1334, 1341, fn. 6.) It makes no difference that the issue was first raised on appeal by the court rather than the parties, as long as the parties have been given a reasonable opportunity to address it. (*Ibid.*) Accordingly, prior to oral argument, we asked the parties to submit additional briefing on whether the trial court exceeded its jurisdiction. While Voit did not file a supplemental brief in response to our request, we have received and considered defendants' supplemental brief.

an applicant may be entitled may be rendered ineffectual without provisional relief" (§ 1281.8, subd. (b)); and confirm, correct or vacate the arbitration award (§ 1285). Absent an agreement to withdraw the controversy from arbitration, however, no other judicial act is authorized. [Citation.] [¶] In the interim, the arbitrator takes over. It is the job of the arbitrator, not the court, to resolve all questions needed to determine the controversy. [Citation.] The arbitrator, and not the court, decides questions of procedure and discovery. [Citations.] It is also up to the arbitrator, and not the court, to grant relief for delay in bringing an arbitration to a resolution.' " (*Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 925, quoting *Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487–488, fns. omitted (*Titan/Value Equities*).)

Appellate courts have routinely rejected parties' efforts to have courts overstep their limited jurisdiction in cases that are stayed pending binding contractual arbitration. (See, e.g., *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 661 (*MKJA, Inc.*) [court cannot issue order lifting stay based upon party's claim that it cannot afford contractual arbitration]; *Finley v. Saturn of Roseville* (2004) 117 Cal.App.4th 1253, 1259–1260 [order compelling review of decision by second arbitrator which was provided for in arbitration agreement was unauthorized]; *Titan/Value Equities, supra*, 29 Cal.App.4th at p. 482 [order compelling arbitration to proceed under stated conditions involving potential reinstatement to trial calendar was in excess of court's jurisdiction].) Other courts of appeal have similarly concluded when a plaintiff fails to initiate arbitration proceedings as ordered, the trial court exceeds its jurisdiction to dismiss the case for failure to prosecute; instead, such relief can only be obtained through the arbitration proceedings. (*Blake v. Ecker* (2001) 93 Cal.App.4th 728, 737–738 (*Blake*), overruled on other grounds by *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, fn. 5; *Lew-Williams v. Petrosian* (2024) 101 Cal.App.5th 97, 107–109 (*Lew-Williams*).) In *Blake* and *Lew-Williams*, the courts further noted that even if the plaintiffs failed to initiate arbitration, the defendants could still obtain relief by initiating arbitration

7

proceedings in accordance with the applicable arbitration rules specified in the arbitration agreements, and requesting orders for the arbitrator to control and expedite the proceedings. (*Blake, supra,* 93 Cal.App.4th at p. 738; *Lew-Williams, supra,* 101 Cal.App.5th at pp. 109–110.)

When the procedural facts are undisputed, as is the case in the instant matter, determining whether the trial court exceeded its jurisdiction is a legal question subject to de novo review. (See *Lew-Williams, supra*, 101 Cal.App.5th at p. 106*; see also MKJA, Inc., supra,* 191 Cal.App.4th at p. 657 [applying de novo standard of review to determine whether trial court had jurisdiction to lift litigation stay under § 1281.4 on the ground plaintiff could not afford costs of arbitration].)

### 2. Analysis

#### a. The Trial Court Did Not Have Inherent Authority to Dismiss For Voit's Failure to Pursue Arbitration

In defendants' supplemental briefing on the issue of jurisdiction, defendants argue that *Lew-Williams, Blake,* and *Brock* are inapposite to the instant matter because those cases involved a dismissal for failure to prosecute the matter within the time limits delineated in the Code of Civil Procedure. In contrast, because Voit's complaint was dismissed for his failure to pursue arbitration, not for failure to timely prosecute to matter, the court retained "its inherent authority, consistent with the California Arbitration Act, to dismiss the lawsuit for [Voit's] willful disobedience of valid court orders." Citing *Blake* in support, defendants claim that the court had the authority to reconsider and "change its prior orders" at any time prior to entry of judgment, thus permitting the court to dismiss the matter for Voit's failure to abide by the order compelling arbitration.

We find defendants' interpretation of *Blake* to be inaccurate. To explain, the authority cited from *Blake* in defendants' brief only discusses the court's inherent power to reconsider its *prior* orders before final entry of judgment, particularly if a change in the

8

law occurs.  (See *Blake, supra,* 93 Cal.App.4th at pp. 738–739, fn. 10.)  In *Blake,* the plaintiff had filed a motion for reconsideration of the trial court's prior order compelling arbitration based on a recent change in law regarding the enforceability of arbitration agreements, and the appellate court found that *the trial court retained inherent jurisdiction to consider the motion for reconsideration* pursuant to section 1008, subdivision (c).  (*Id.* at pp. 736, 738–739.)  However, in the same paragraph, the appellate court explicitly noted that in light of the arbitration agreement and the relief that was available through the arbitration proceeding, "the trial court had no jurisdiction to grant the motion to dismiss, and its order dismissing the action must be reversed."  (*Id.* at p. 738.)

We next consider defendants' claim that the trial court retained inherent authority to enforce its own order compelling the parties to arbitration, including through a dismissal with prejudice.  Defendants cite to sections 128[7] and 187[8] in support, as well as a number of cases, including *Lyons v. Wickhorst* (1986) 42 Cal.3d 911 (*Lyons*), to argue that it would be "inconceivable that a trial court has the jurisdiction and authority to issue orders to compel arbitration but not the jurisdiction and authority to enforce such orders."  Defendants also contend that a trial court's inherent authority to issue orders compelling arbitration and enforce them, including through a dismissal, is explicitly authorized by the California Arbitration Act, which provides that: (1) arbitration agreements are

[7] Section 128 provides, in relevant part, that every court shall have the power to: "enforce order in the proceedings before it, or before a person or persons empowered to conduct a judicial investigation under its authority.  [¶] … [¶] [and] compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein."  (§ 128, subd. (a)(2) & (4).)

[8] Section 187 provides that "[w]hen jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."  (§ 187.)

9

enforceable and irrevocable (§1281); (2) a court "shall order the petitioner and the respondent" to arbitration if the court determines that an agreement to arbitrate the controversy exists (§1281.2); and (3) a court retains continuing jurisdiction "to determine any subsequent petition involving the same agreement to arbitrate and the same controversy" (§ 1292.2).

As explained recently by the California Supreme Court in *Estrada v. Royalty Carpet Mills, Inc.* (2024) 15 Cal.5th 582, 601, a trial court's inherent authority to dismiss claims is "tightly circumscribed" and only applies in two situations: "1) the plaintiff has failed to prosecute diligently [citation]; or (2) the complaint has been shown to be 'fictitious or sham' such that the plaintiff has no valid cause of action." (*Ibid.,* quoting *Lyons, supra,* 42 Cal.3d at p. 915–916.) Indeed, the *Lyons* court noted that the power to dismiss on procedural grounds, as opposed to a full disposition on the merits, was not broad and has "not been without reservation." (*Lyons¸ supra,* at p. 916.) The *Lyons* court therefore found that the trial court did not have inherent authority to dismiss a case for the plaintiff's failure to meaningfully participate in mandatory judicial arbitration because: (1) there was no indication the plaintiff had failed to diligently prosecute or that the complaint did not present a valid cause of action; and (2) the Legislature had specifically provided for other remedies, including attorney's fees, for frivolous or delaying tactics. (*Id.* at pp. 915–920.) Accordingly, *Lyons* provides no support for defendants' argument that the trial court retained inherent authority to dismiss based on Voit's failure to comply with the order compelling arbitration, and considering the California Supreme Court's recent analysis in *Estrada*, would in fact suggest otherwise.

Defendants also cite *Preston v. Kaiser Foundation Hospitals* (1981) 126 Cal.App.3d 402 (*Preston*), in support of its argument regarding the trial court's inherent authority to dismiss. In *Preston,* the appellate court held that sections 1281.4 and 1292.6 should be read as granting the trial court jurisdiction to assist in moving a matter along that had previously been ordered to arbitration, which included entertaining a motion by

10

the defendants to dismiss if the plaintiffs failed to exercise reasonable diligence in moving the dispute towards completion.  (*Preston, supra,* 126 Cal.App.3d at p. 406).  However, the holding in *Preston* has been disagreed with and not followed in several decisions.  (See *Lew-Williams, supra,* 101 Cal.App.5th at pp. 107–109; *Brock*, *supra*, 10 Cal.App.4th at p. 1804; *Titan/Value Equities, supra,* Cal.App.4th at p. 488, fn. 8; *Nanfito v. Superior Court* (1991) 2 Cal.App.4th 315, 319, fn. 3 (*Nanfito*); *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, 1316, fn. 3 (*Byerly*).)  In fact, as noted by the court in *Lew-Williams,* "[i]n the three decades since *Brock* was decided no published cases have followed the principle enunciated in *Preston* and repudiated in *Brock* that a trial court may dismiss an action for failure to prosecute the arbitration regardless of the stay, and can terminate the arbitration." (*Lew-Williams, supra,* at p. 108.)  We agree with the holdings in *Lew-Williams*, *Brock, Titan/Value Equities*, and other cases finding considerable limitations to a trial court's inherent authority under these circumstances.  As defendants provide no argument as to why the holding in *Preston* should apply over the decisions in more recent cases, we assign little weight to the *Preston* decision in reaching our conclusion.

Turning to the case at hand, it is undisputed that when the trial court granted defendants' order compelling arbitration in May 2016, it also stayed the action until arbitration was complete, as required under section 1281.4.  The stay was still in effect in 2022 when the trial court dismissed the matter.  Therefore, defendants could only seek such relief through arbitration proceedings, not the trial court.  While we acknowledge that Voit may have never initiated arbitration proceedings based on his own statements that "he could not afford arbitration[9]" and "arbitration was impossible," the record does not indicate that Voit was the only party who could initiate arbitration during the

---

[9] Notably, the trial court acknowledged Voit's financial concerns when granting the motion to compel arbitration and specifically ordered that arbitration fees not be charged to him "under any circumstances."

11

aforementioned stay. Defendants sought and obtained an order compelling the parties to address this case through arbitration, yet chose not to initiate proceedings when Voit failed to do so. We are not aware of any impediment to defendants initiating arbitration proceedings on their own and seeking appropriate relief in that setting. For example, if defendants initiated arbitration proceedings, they would have the ability to address any potential lack of participation from Voit. The arbitrator would have the discretion to dismiss arbitration if Voit failed to proceed with reasonable diligence and return the matter to the trial court. The trial court would then have the power to lift the stay and make further orders on how to proceed. (See *Lew-Williams, supra,* 101 Cal.App.5th at pp. 109–110 [noting that when petitioners delayed in beginning arbitration, respondents could have initiated arbitration proceedings on their own and requested relief in the arbitration tribunal for any delay or lack of meaning participation].) Accordingly, because the court only retained limited "vestigial jurisdiction" after issuing the order compelling arbitration, we conclude that the court did not have inherent authority to dismiss based on Voit's failure to comply with the arbitration order.

In addition, although we acknowledge that the trial court granted the motion to compel arbitration at defendants' request, we would caution that a defendant's failure to initiate the arbitration process may, at some point, arise to post-order conduct demonstrating waiver of its right to arbitrate. (See, e.g., *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 584 [party may waive its right to arbitration by "conduct that is so inconsistent with an intent to enforce the contractual right as to lead a reasonable factfinder to conclude that the party had abandoned it."].) Voit has not made such an argument and we are not indicating that defendants' conduct heretofore reflect such a waiver. Nevertheless, a party who has sought and received a trial court order compelling arbitration and has the ability to initiate the arbitration process should not be allowed to unjustifiably sit on their hands when the arbitration forum is available to seek redress.

12

### b. The Record is Unclear if the Court Dismissed for Failure to Timely Prosecute, Thus Requiring Remand

Generally, on appeal " '[a] judgment or order . . . is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Even where an appellant affirmatively demonstrates error, the California Constitution forbids reversal unless the appellant further demonstrates that the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.) " 'Moreover, we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.' [Citation.]" (*Wolstoncroft v. County of Yolo* (2021) 68 Cal.App.5th 327, 347.) However, where it is not clear whether the trial court would have reached the same conclusion using the correct legal standard, it may be appropriate to remand a matter for the trial court to properly use its discretion. (See *People v. Knoller* (2007) 41 Cal.4th 139, 158 [matter remanded to trial court after finding that trial court abused its discretion, but "[i]t is uncertain whether the trial court would have reached the same result using correct legal standards"]; *F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 26 ["[a] discretionary order based on the application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal even though there may be substantial evidence to support that order"; "[i]f the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise informed discretion with awareness of the full scope of its discretion and applicable law" (italics omitted)].)

Despite the limits on the trial court's inherent authority to dismiss pending arbitration, we recognize that a period of seven years passed between Voit filing his complaint in 2015 and the trial court's order for dismissal in 2022. To this point, we

requested supplemental briefing from the parties on the issue of whether the trial court retained jurisdiction to dismiss the case for failure to timely prosecute within five years of initiating the action, as required under section 583.360, or whether that period was tolled under section 583.340[10], because of the stay in proceedings.

In their supplemental briefing, defendants make two main arguments. First, defendants contend that this court should follow the holdings in a number of cases that have found dismissal to be appropriate after five years if a plaintiff fails to pursue arbitration appropriately, including *Preston, supra,* 126 Cal.App.3d at p. 407, *Lockhart-Mummery v. Kaiser Foundational Hospitals* (1980) 103 Cal.App.3d 891, 896 (*Lockhart-Mummery*), and *Kuzmanoff v. Kron* (1988) 207 Cal.App.3d Supp. 1, Supp. 2–3 (*Kuzmanoff*). However, in making this argument, defendants do not acknowledge that a split in authority exists as to whether a trial court had jurisdiction to dismiss a matter for failure to prosecute under section 583.360, or similar provisions regarding time limits on bringing a matter to trial (see, e.g., §§ 583.410–583.420 [allowing for discretionary dismissal under specified circumstances].) As noted above, the holding in *Preston* has been disagreed with and not followed in several decisions. (See *Lew-Williams, supra,* 101 Cal.App.5th at pp. 107–109; *Brock, supra*, 10 Cal.App.4th at p. 1804; *Titan/Value Equities*, *supra,* 29 Cal.App.4th at p. 488, fn. 8; *Nanfito*, *supra,* 2 Cal.App.4th at p. 319, fn. 3; *Byerly*, *supra,* 204 Cal.App.3d at p. 1316, fn. 3.) In addition, none of the cases cited by defendants address the effect of a stay in proceedings on the five-year time period as provided by the tolling provisions under section 583.340, subdivision (b). (See *Brock, supra,* 10 Cal.App.4th at pp. 1797–1801 [challenging the holdings in *Lockhart-*

---

[10] Section 583.340 provides, in relevant part, as follows: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] … [¶] (b) Prosecution or trial of the action was stayed or enjoined."

*Mummy, Kuzmanoff, Preston*, and similar cases because they did not properly discuss the effect of the stay on the five-year time period].)

Second, defendants argue that the stay was only partial, and it was not impossible, impracticable, or futile for Voit to bring the action to trial within five years. They claim the stay was clearly partial because the arbitration agreement permitted the parties to pursue provisional relief in court while arbitration proceeded, and the court continued to hold status conferences even after issuing the stay. However, in reviewing the record, we do not find support for defendants' claim that the stay was only partial. The order compelling arbitration stated that Voit's entire "action" was to be stayed pending the completion of arbitration and does not appear to stay only those issues subject to arbitration. If the trial court reached a different conclusion while the case was pending arbitration, that is not reflected in the current record.

Notwithstanding defendants' arguments, it is simply not apparent from the record that the trial court's dismissal of the case was for failure to timely prosecute within the mandatory five year limit as set forth in section 583.360. Furthermore, considering the stay (whether partial or not) and related tolling provisions, it is also not clear whether such a decision would be legally or factually supportable. The minute orders only indicate that at the March 2022 court appearance, the trial court set the matter for an order to show cause on September 29, 2022, for "plntff's [*sic*] failure to pursue arbitration" (capitalization omitted). Further, the minute order from the September 29, 2022 order to show cause simply states that "[p]laintiff failed to schedule court ordered arbitration, and [d]efendant's reqeust [*sic*] to dismiss is Granted." Similarly, the actual order for dismissal indicates the basis for the dismissal was for Voit's "[f]ailure to appear and failure to pursue arbitration." Accordingly, because the trial court did not

15

specifically indicate that it was dismissing for failure to prosecute under section 583.360, it would be speculation for us to infer this from the current record and order for dismissal.

Since it is uncertain whether the trial court would have still dismissed the matter, on the aforementioned statutory grounds and utilizing the correct legal standards, we shall remand the matter to the trial court to allow the parties to argue this issue in the first instance and for the court to exercise its informed discretion in determining whether dismissal is appropriate.

### III.    DISPOSITION

The trial court's order for dismissal is reversed and remanded for further proceedings consistent with applicable law. The parties are ordered to bear their own costs on appeal.

_____
WILSON, J.

I CONCUR:

_____
GREENWOOD, P. J.

I CONCUR IN JUDGMENT ONLY:

_____
BAMATTRE-MANOUKIAN, J.

*Voit v. Chaudhry et al.*
H050733